UNITED STATES of America ex rel. Calvin CANNON, Appellant,

v.

Robert L. JOHNSON, District Attorney of Philadelphia County.

UNITED STATES of America ex rel. Donald WHITE, Appellant,

v.

Robert L. JOHNSON, Supt.

v.

DISTRICT ATTORNEY OF PHILADELPHIA COUNTY.

Nos. 75–2398, 75–2455.

United States Court of Appeals, Third Circuit.

Argued March 8, 1976.

Decided June 22, 1976.

---

Richard H. Elliott, Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., for appellants.

Bonnie Brigance Leadbetter, Asst. Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Abraham J. Gafni, Deputy Dist. Atty., F. Emmett Fitzpatrick, Dist. Atty., Philadelphia, Pa., for appellees.

1. 503 F.2d 339 (3d Cir. 1974), *cert. denied sub nom. Cuyler v. Matthews,* 420 U.S. 952, 95 S.Ct. 1336, 43 L.Ed.2d 430 (1975).

2. We premised our holding in *Matthews* on the ground that ". . . there are 'no legal standards that courts must enforce' in giving or not giving the manslaughter charge" in a Pennsylvania murder trial, 503 F.2d at 346, as evidenced by the fact that Pennsylvania judges have at times given the charge sans evidentiary basis.

Before VAN DUSEN, KALODNER and WEIS, Circuit Judges.

OPINION OF THE COURT

KALODNER, Circuit Judge.

The single question presented by the consolidated instant appeals is whether retroactive effect should be accorded to our en banc holding in *United States ex rel. Matthews v. Johnson,*[1] that due process was violated in a Pennsylvania murder trial when the defendant's request for a voluntary manslaughter instruction was denied for lack of evidentiary basis.[2]

The question arises by reason of the denial below of the appellants' habeas corpus petitions on the ground that "full retroactivity should not be accorded to *Matthews.*" *United States ex rel. Cannon v. Johnson,* 396 F.Supp. 1362, 1365 (E.D.Pa.1975). The petitions disclosed that prior to *Matthews,* the Supreme Court of Pennsylvania affirmed the first degree murder convictions of the appellants after rejecting their contention that the trial court had erred in denying their request for a voluntary manslaughter instruction for lack of evidentiary basis.[3]

It must be noted parenthetically that the court below chose to limit its holding as to *Matthews'* retroactivity to habeas corpus cases on the ground that "this case does not squarely raise the question of the applicability of *Matthews* to direct appeals before the Pennsylvania Supreme Court."[4]

The conclusions underlying the holding below, expounded in Judge Becker's exhaustive opinion in *Cannon, supra,*[5] may be epitomized as follows:

3. The petitioner Cannon, appellant at No. 75–2398, was convicted of first degree murder on June 25, 1970, and his conviction was affirmed at 453 Pa. 389, 309 A.2d 384 (1973). The petitioner White, appellant at No. 75–2455, was convicted of first degree murder on June 17, 1968, and his conviction was affirmed at 442 Pa. 461, 275 A.2d 75 (1971).

4. 396 F.Supp. at 1373.

5. The White petition was on Judge Ditter's calendar. Since it presented the issue of retroactivity raised by Cannon, the two cases were

(1) *Matthews was not designed "to enhance the reliability of the truth-finding function;"*[6] "the purpose of the *Matthews* rule . . . is the elimination of unseemly arbitrariness from the judicial process . . . [and] not to assure that guilt or innocence is reliably determined . . . or to prevent convicting the innocent;"[7] (2) Pennsylvania *"relied heavily on the old rule"* until May 2, 1974, when its Supreme Court, exercising its "supervisory power," ruled in *Commonwealth v. Jones,* 457 Pa. 563, 573–74, 319 A.2d 142, that thereafter "a defendant . . . would be entitled, *upon request,* to have the jury advised of its power to return a verdict of voluntary manslaughter;"[8] and (3) *"any type of retroactive application of Matthews would have a substantially adverse effect upon the administration of justice in Pennsylvania,"*[9] and "retroactivity would threaten a far greater number of cases than the 294 *presently pending* on direct appeal [to the Supreme Court of Pennsylvania]."[10] (emphasis supplied).

The foregoing three-pronged determination was made by Judge Becker in consonance with the three-fold guideline criteria spelled out for resolution of the issue of retroactivity in *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967) at page 297, 87 S.Ct. at page 1969:

> "Our recent discussion of the retroactivity of other constitutional rules of criminal procedure make unnecessary any detailed treatment of that question here. *Linkletter v. Walker, supra* [381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601]; *Tehan v. Shott, supra* [382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453]; *Johnson v. New Jersey, supra* [384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882]. These cases establish the principle that in criminal litigation con-

cerning constitutional claims, "the Court may in the interest of justice make the rule prospective . . . where the exigencies of the situation require such an application" . . . .' *Johnson, supra,* 384 U.S., at 726–727 [86 S.Ct. [1772] at 1777]. *The criteria guiding resolution of the question implicate (a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards."* (emphasis supplied).

Judge Becker concluded that *Matthews,* in sum, announced a new criminal procedural rule, which, in light of his criteria determinations, should not be accorded retroactive effect, pursuant to "the wholly prospective approach" spelled out in *Johnson v. New Jersey,* 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), and "frequently followed since that time." 396 F.Supp. at 1372.

We agree with Judge Becker's view that *Matthews* should not be accorded retroactive effect. Inasmuch as he confined application of his holding to cases on habeas corpus review, for the reason earlier stated, we make this further holding:

*Matthews* is inapplicable to pending, and/or future appeals from pre-*Matthews* murder verdicts.

Discussion of our holdings must be prefaced by the observation that *Matthews* did not decide the issue of its retroactive or prospective application, albeit, three of the judges participating in the majority opinion,[11] citing our holding in *United States v. Zirpolo,* 3 Cir., 450 F.2d 424, 431–433 (1971), expressed the view that while "full retroactivity should not be accorded this decision,"

---

consolidated for argument and as noted by Judge Becker in his opinion he undertook "the labors of writing the necessary opinion;" Judge Ditter, pursuant to his approval of Judge Becker's opinion, entered an order denying White's petition.

**6.** 396 F.Supp. at 1367.

**7.** *Id.* at 1367–68.

**8.** *Id.* at 1369.

**9.** *Id.* at 1371.

**10.** *Id.* at 1370.

**11.** The writer of this opinion dissented in *Matthews.*

it should apply "to those cases . . . on direct appeal [in the Pennsylvania courts] on this date."[12]

Coming now to our holding that *Matthews* is not to be accorded retroactive effect in any respect:

Judge Becker, in resume, held that "the *Matthews* rule does not implicate the integrity of the fact-finding process, that the Commonwealth [of Pennsylvania] relied heavily upon the prior rule, and that retroactive application of the *Matthews* standard would have an adverse effect upon the administration of justice," and that *Linkletter v. Walker*, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965), and its cited progeny, "require[s] us to hold that the decision in *Matthews* should not be retroactively applied to relator."[13]

█ It would not serve the judicial economy to engage in extended discussion of *Linkletter*, and its progeny, in view of their exhaustive analysis in Judge Becker's opinion. We must, however, stress the specific holding in *Desist v. United States*, 394 U.S. 244, 249, 89 S.Ct. 1030, 1033, 22 L.Ed.2d 248 (1969), that *"foremost"* consideration should be given *"to the purpose to be served by the new constitutional rule,"* and the later holding in *Williams v. United States*, 401 U.S. 646, 653, 91 S.Ct. 1148, 1152, 28 L.Ed.2d 388 (1971) that retroactivity should be accorded *"[w]here the major purpose of new constitutional doctrine is to overcome an aspect of the criminal trial that substantially impairs its truth-finding function* and so raises serious questions about the accuracy of guilty verdicts in past trials . . .."* (emphasis supplied).

The vitality of the principles stated in *Desist* and *Williams* is attested to by their re-affirmation in two recent Supreme Court cases, decided after the filing of Judge Becker's opinion. *United States v. Peltier*, 422 U.S. 531, 535, 95 S.Ct. 2313, 45 L.Ed.2d 374 (1975), and *Bowen v. United States*, 422 U.S. 916, 918, 95 S.Ct. 2569, 45 L.Ed.2d 641 (1975).

What has been said is relevant to the consideration given by Judge Becker to the *Linkletter-Stovall* "purpose" criteria, and his conclusion that "the *Matthews* rule does not implicate the integrity of the fact-finding process."[14] The stated conclusion, it may be said, is supported by the statement in *Matthews* that "[n]othing we decide today affects the fact-finding process."[15]

No useful purpose would be served by discussion of Judge Becker's conclusions with respect to the *Linkletter-Stovall* criteria of reliance on the "old standards," and the effect on the administration of justice of the "new standards," in light of his thorough analysis of these factors. The record fully sustains these criteria determinations.

We come now to our earlier stated holding that *Matthews* is inapplicable to pending or future direct appeals from pre-*Matthews* murder verdicts.

The Supreme Court, since *Johnson v. New Jersey, supra,* has for the most part made prospective from the date of its announcement, a new criminal procedural rule which does not implicate the truth-finding process of a trial.[16] It did so in the recently decided *Daniel v. Louisiana*, 420 U.S. 31, 95 S.Ct. 751, 42 L.Ed.2d 766 (1975) and *Peltier, supra,* and *Bowen, supra.* It must be noted at this juncture that *Daniel* held prospective from the date of its decision the ruling in *Taylor v. Louisiana*, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975) that Louisiana's method of selection of petit juries violated

---

12. 503 F.2d at 348–49.

13. 396 F.Supp. at 1371.

14. *Id.*

15. 503 F.2d at 348.

16. *Stovall v. Denno, supra; DeStefano v. Woods,* 392 U.S. 631, 88 S.Ct. 2093, 20 L.Ed.2d 1308 (1968); *Fuller v. Alaska,* 393 U.S. 80, 89 S.Ct. 61, 21 L.Ed.2d 212 (1968); *Desist v. United States, supra; Halliday v. United States,* 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969); *Williams v. United States, supra; Mackey v. United States,* 401 U.S. 667, 91 S.Ct. 1160, 28 L.Ed.2d 404 (1971); *Adams v. Illinois,* 405 U.S. 278, 92 S.Ct. 916, 31 L.Ed.2d 202 (1972).

the Sixth and Fourteenth Amendments. The stated holding in *Daniel* is in sharp contrast with our action in *United States v. Zirpolo, supra*, in making applicable to cases "on direct appeal" [17] our holding therein that the procedure utilized in the selection of federal grand juries in Newark, New Jersey, violated federal law.

Our "direct appeal" ruling in *Zirpolo* is also inconsistent with *Michigan v. Payne*, 412 U.S. 47, 93 S.Ct. 1966, 36 L.Ed.2d 766 (1973). It was there held that retroactive effect was not to be accorded to *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), and thus the Michigan Supreme Court erred in applying *Pearce* on a "direct appeal" from a pre-*Pearce* sentence.[18]

This, too, must be said:

Although our holding with respect to direct appeals is broader than is essential for the disposition of the instant appeals, it is consistent with the position taken by the Supreme Court in *Stovall v. Denno, supra*,[19] and *DeStefano v. Woods*, 392 U.S. 631, 88 S.Ct. 2093, 20 L.Ed.2d 1308 (1968).

It is consistent, too, with the rule announced by the Pennsylvania Supreme Court on May 2, 1974, in *Commonwealth v. Jones, supra*, which provides that henceforth a voluntary manslaughter instruction shall be given, upon request, in all murder trials.

For the reasons stated, the orders below denying the habeas corpus petition of the appellants will be affirmed.

WEIS, Circuit Judge (concurring):

I favored meeting the retroactivity issue during our adjudication of *United States ex rel. Matthews v. Johnson*, 503 F.2d 339 (3d Cir. 1974) (in banc), *cert. denied*, 420 U.S. 952, 95 S.Ct. 1336, 43 L.Ed.2d 430 (1975), and, at that point, would have followed the limitations set forth in *United States v. Zirpolo*, 450 F.2d 424, 431–33 (3d Cir. 1971). In the interim since the *Matthews* opinion was filed, the Supreme Court decided *Daniel v. Louisiana*, 420 U.S. 31, 95 S.Ct. 751, 42 L.Ed.2d 766 (1975), which was concerned with essentially the same issue as *Zirpolo*. *Daniel* held that retroactivity was not required as to trial procedures which occurred before the date of the decision. The same standard should apply in this case, and I, therefore, join in the majority opinion.

17. 450 F.2d at 433.

18. *Pearce* established a prophylactic constitutional rule as to sentencing procedures.

19. In *Stovall v. Denno, supra,* the issue of retroactivity of *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) and *Gilbert v. California*, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967) was presented, *as here*, in a habeas corpus attack on a state conviction. The Supreme Court, in holding that *Wade* and *Gilbert* applied only to trials occurring after the date these cases were decided, said at 388 U.S., at 300–301, 87 S.Ct. at 1972:

"We also conclude that, for these purposes, no distinction is justified between convictions now final, as in the instant case, and convictions at various stages of trial *and di-rect review*. We regard the factors of reliance and burden on the administration of justice as entitled to such overriding significance as to make that distinction unsupportable." (footnote omitted) (emphasis supplied).

See, too, *Commonwealth v. Godfrey*, 434 Pa. 532, 536, 254 A.2d 923 (1969) where it was held, *inter alia*, that *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) "should be applied prospectively only," and accordingly it was not applicable to an appeal from the denial of a challenge to a pre-*Boykin* sentence in a post-conviction proceeding.

It may be noted that we cited and applied *Commonwealth v. Godfrey, supra*, in *United States ex rel. Hughes v. Rundle*, 3 Cir., 419 F.2d 116, 118 (1969).