371 A.2d 933

**COMMONWEALTH of Pennsylvania**

v.

**Otis BABB, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1976.

Decided March 31, 1977.

**472**

Albert L. Deutsch, Philadelphia, for appellant.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant raises the following contentions for our review: (1) he did not knowingly and intelligently waive his right to a jury trial because he did not know the maximum sentence nor did he know that a jury must be selected from the community-at-large, (2) trial counsel was ineffective because he did not interview either the eyewitnesses to the crime or appellant's alibi witnesses, and (3) trial counsel denied appellant the right to defend himself by refusing to allow him to testify. The Commonwealth argues that appellant waived the right to present these arguments because he failed to file post-verdict motions alleging specific trial errors. Appellant, however, responds that he did not voluntarily and understandingly waive his right to file post-verdict motions because the lower court did not comply with Rule 1123(b) or 1123(c), Pa.R.Crim.P., 19 P.S. Appendix. We conclude that appellant is entitled to an opportunity to file post-verdict motions nunc pro tunc and that the lower court must hold an evidentiary hearing on trial counsel's ineffectiveness.

On October 9, 1975, appellant was arrested and charged with criminal conspiracy,[1] robbery,[2] violation of the Uniform Firearms Act,[3] and other related offenses. These charges stemmed from an armed robbery of a grocery store by three persons. On December 23, 1975, appellant waived his right to a jury trial after a colloquy with the trial court. At trial, the proprietor of the grocery store identified appellant as one of the perpetrators of the robbery. Appellant's trial counsel cross-examined the witness and then both the Commonwealth and the defense rested. The trial court found appellant guilty on all of the above charges. Appellant's trial counsel made an oral post-verdict motion, but stated that there were no appealable issues. Not surprisingly, the trial judge denied counsel's post-verdict motion and then sentenced appellant. Appellant did not file any written post-trial motions. Appellant then retained new counsel and this appeal followed.

We must first determine whether appellant waived his right to present his arguments to this Court because he did not file oral or written post-verdict motions. After finding appellant guilty, the trial court informed appellant of his right to appeal and the following interchange between the court and appellant's trial counsel occurred:

"Now, . . . you have an absolute right to appeal from the sentence which this Court will impose upon you, but in order to file that appeal, you must first file post trial motions asking that this Court either grant you a new trial because mistakes were made in your trial or to order your discharge because the evidence was insufficient to establish your guilt.

"These post trial motions must be filed within seven days from today or you will lose your right to file them.

1. The Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1; 18 Pa.C.S. § 903.

2. The Crimes Code, supra; 18 Pa.C.S. § 3701.

3. The Crimes Code, supra; 18 Pa.C.S. §§ 6106, 6108.

"Your attorney, if you request, will prepare and then argue the post trial motions on your behalf and if they are denied, he will assist you in the filing of an appeal after your sentence has been imposed.

"If you wish, your attorney may now make such motions at the bar of the Court and I will rule on them at this time. If these motions are denied, your sentence may be imposed today.

"If you would like an opportunity to confer with counsel, you may do so.

"[Defense counsel]: May we have a moment or two, your Honor?

"Your Honor, I am going to make a motion for a new trial at this time and have your Honor act on it.

"THE COURT: All right. I take it, Mr. Patrick, that you are orally moving for a new trial and an arrest of judgment without formally filing any motions within seven days?

"[Defense counsel]: Right, your Honor.

"THE COURT: All right. Would you like to present argument on your post trial motions?

"[Defense counsel]: Your Honor, I don't have much of an argument at all on the post trial motions. That is why I am speaking to my client. I am telling him to ask for these right now rather than prolong it and there is no basis for an appeal. I am not going to present any evidence that would lead to an appeal here because there is none offered.

"THE COURT: All right. Then I take it that you have made your post trial motions and I will make a ruling then on them.

"The defendant's post trial motions are hereby denied." Because this excerpt from the record clearly demonstrates that appellant did not voluntarily and understandingly waive the filing of post-verdict motions, we

hold that appellant is entitled to file post-verdict motions nunc pro tunc.

Rule 1123(b) controls the issue of whether appellant waived his right to file post-verdict motions. The rule states:

"(b) If the defendant agrees on the record, the post-verdict motions may be made orally at the conclusion of the trial. *The defendant may also within the seven (7)-day period of the record voluntarily and understandingly waive the filing of post-verdict motions. Prior to the acceptance of such waiver the trial judge shall, pursuant to paragraph (c) of this Rule, advise the defendant on the record that his waiving of post-verdict motions shall preclude his raising on appeal any issues which might have been raised in such motions.*" (Emphasis supplied).

In the case at bar, counsel's oral post-verdict motion consisted of a concession that there were no appealable issues. In reality, such a motion equals a waiver of the right to file post-verdict motions. According to the explicit working of Rule 1123(b), the defendant himself must voluntarily and understandingly make this waiver on the record. Cf. *Commonwealth v. Grillo,* 208 Pa.Super. 444, 222 A.2d 427 (1966), (cited with approval in the Comment to Rule 1123). Before accepting a waiver, the trial court must advise the defendant that a waiver will preclude appeal on any issues which could have been raised in post-verdict motions. The record indicates that the lower court never asked appellant if he desired to waive his right to file post-verdict motions; appellant remained silent throughout the entire discussion. A waiver of such invaluable appellate rights should not be presumed from a silent record. Cf. *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *Commonwealth v. Swain,* 237 Pa. Super. 322, 354 A.2d 256 (1975). Moreover, the trial judge did not explicitly advise appellant that he could not

appeal any issues not raised in post-verdict motions.[4] Therefore, we hold that appellant did not waive his right to file post-verdict motions because the trial court did not follow the procedure contemplated by Rule 1123(b) and 1123(c). Accordingly, we remand so that appellant will be able to file post-verdict motions nunc pro tunc if, after an evidentiary hearing, his trial counsel is found to have acted effectively. See infra *Commonwealth v. Miller*, 232 Pa.Super. 171, 335 A.2d 528 (1975). *Commonwealth v. Dimitris*, 231 Pa.Super. 469, 331 A.2d 701 (1974).[5]

■ Appellant also contends that his trial counsel did not provide effective assistance. Because post-verdict motions are not necessary in this case to preserve this contention, we must answer it regardless of whether appellant waived his right to file post-verdict motions.[6] *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975). Appellant alleges that his trial attorney failed to interview two employees and two customers who were eyewitnesses to the robbery of the grocery store. More-

4. The importance of this omission is underlined by Rule 1123(c) which provides:
   "(c) Upon the finding of guilt, the trial judge shall advise the defendant on the record: (1) of his right to file post-verdict motions and of his right to the assistance of counsel in the filing of such motions and on appeal of any issues raised therein; (2) of the time within which he must do so as set forth in paragraph (a); and (3) that only the grounds contained in such motions may be raised on appeal."
   The trial judge's failure to comply with Rule 1123(c)(3) is a violation of appellant's right to file post-verdict motions independent of 1123(b); appellant is entitled on this ground alone to file post-verdict motions nunc pro tunc. *Commonwealth v. Miller*, 232 Pa.Super. 171, 335 A.2d 528 (1975); *Commonwealth v. Dimitris*, 231 Pa.Super. 469, 331 A.2d 701 (1974).

5. Because of this disposition, we do not address appellant's claim that the colloquy preceding his waiver of a jury trial was defective. Appellant can reiterate this claim in his post-verdict motions, and the lower court can then make the initial findings of fact and law on this issue.

6. The situation would be different if appellant had retained new counsel prior to the expiration of the time allowed by Rule 1123 for filing post-verdict motions.

over, appellant claims that his trial attorney did not contact witnesses who, appellant suggests, would testify to an alibi defense. We are not in a position to determine whether trial counsel failed to take such steps or whether his conduct of the defense had "some reasonable basis designed to effectuate his client's interests." *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). The extent and reasonableness of counsel's investigation can only be resolved by an evidentiary hearing on remand. *Commonwealth v. Twiggs,* supra. The necessity for an evidentiary hearing in this case is reinforced by the fact that the Commonwealth presented only one witness. "In a case where virtually the only issue is the credibility of the Commonwealth's witness versus that of the defendant, failure to explore all alternatives available to assure that the jury heard the testimony of a known witness who might be capable of casting a shadow upon the Commonwealth's witness's truthfulness is ineffective assistance of counsel." *Commonwealth v. Twiggs,* supra, 460 Pa. at 111, 331 A.2d at 443. See also *Commonwealth v. Abney*, 465 Pa. 304, 350 A.2d 407 (Filed Jan. 29, 1976); *Commonwealth v. Adams,* 465 Pa. 314, 350 A.2d 412 (Filed Jan. 29, 1976); *Commonwealth v. Bronson,* 457 Pa. 66, 321 A.2d 645 (1974). Therefore, we vacate the judgment of sentence and remand for an evidentiary hearing on the issue of counsel's alleged ineffectiveness.[7] If upon remand, the lower court finds that counsel was ineffective, a new trial shall be awarded. If, however, trial counsel's assistance was not ineffective, appellant's judgment of sentence will be reinstated. *Commonwealth v. Twiggs,* su-

---

7. As part of the inquiry into trial counsel's alleged ineffectiveness, the lower court may find it convenient to consider appellant's claim that counsel refused to permit him to testify. This claim, of course, turns on appellant's ability to establish that he desired to testify and that trial counsel refused to honor his request. Only then could a court address the legal merits of the contention.

pra. If judgment of sentence is reinstated, then appellant is entitled to file post-verdict motions nunc pro tunc.

Judgment of sentence vacated and case remanded for proceedings consistent with this opinion.

PRICE, J., files a dissenting opinion in which JACOBS and VAN der VOORT, JJ., join.

PRICE, Judge, dissenting:

Pa.R.Crim.P. 1123(b) and (c) are comparative newcomers as objects of judicial interpretation. Unfortunately, the Pennsylvania Supreme Court has not yet given us a definitive view on the complex waiver problems the rule has thus far engendered. Worse still, I foresee divers problems yet unencountered which will continue to plague the courts under this rule.

I agree with the majority that, on the instant facts, there was no enforceable waiver of post-trial motions. My agreement, however, is based *solely* on the failure to the trial court to advise the defendant, pursuant to Rule 1123(c), that only those issues contained in post-trial motions could be raised on appeal. *See Commonwealth v. William C. Erhart*, 237 Pa.Super. 706, 352 A.2d 63 (Filed Dec. 22, 1975) (concurring opinion by Price, J.). The mandate of the rule is clear in this respect, and no warning of requisite clarity appears on the record. This case must be remanded for compliance with Rule 1123(c) and the filing of written post-trial motions *nunc pro tunc.*

The majority reads Rule 1123(b) as requiring the trial court to solicit the defendant's on-record consent to oral post-trial motions in all cases where an intent to make such motions is indicated. My explicit disagreement with this view is detailed in my concurring opinions in *Commonwealth v. Erhart, supra* and *Commonwealth v. Kinsey,* Pa. Superior Ct., 375 A.2d 727 (1977). I must therefore dissent specifically to the majority position in this respect.

Because of my proposed disposition I see no need to speculate either on new counsel's course of action upon remand or upon the content of post-trial motions when filed.

I would vacate the judgment of sentence and remand for proper post-trial procedure.

JACOBS and VAN der VOORT, JJ., join in this dissenting opinion.