388 A.2d 330

**COMMONWEALTH of Pennsylvania**

v.

**Roger D. LEAMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1976.

Decided April 13, 1978.

482

John F. Pyfer, Jr., Lancaster, for appellant.

D. Richard Eckman, District Attorney, Lancaster, for the Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

■ Appellant challenges the constitutionality of the presumption created by § 1212 of the Motor Vehicle Code.[1] This presumption is unconstitutional. *Commonwealth v. Slaybaugh*, 468 Pa. 618, 364 A.2d 687 (1976). Alternatively, we believe that the Commonwealth did not produce sufficient evidence to convict appellant of violating the Motor Vehicle Code. *Commonwealth v. Slaybaugh*, supra. Accordingly, we order appellant discharged.

On June 22, 1975, Pennsylvania State police officers observed drag races on a public highway in Lancaster County. The police officers recorded the license number of a participating vehicle and determined that appellant owned the car. The police officers subsequently filed criminal complaints charging appellant with three counts of drag racing and several other traffic offenses. On November 7, 1975, appellant filed an Application to Quash Indictments based on the

1. The Motor Vehicle Code, Act of April 29, 1959, P.L. 58, § 1212; Act of July 13, 1959, P.L. 534, § 1; 75 P.S. § 1212. Repealed, Act of June 17, 1976, P.L. 162, No. 81, § 7, effective July 1, 1977. 75 P.S. § 1212 provided: "In any proceeding for a violation of the provisions of this act or any local ordinance, rule or regulation, the registration plate displayed on such vehicle or tractor shall be prima facie evidence that the owner of such vehicle or tractor was then operating the same. If at any hearing or proceeding, the owner shall testify, under oath or affirmation, that he was not operating the said vehicle or tractor at the time of the alleged violation of this act or any local ordinance, rule or regulation, and shall submit himself to an examination as to who at that time was operating such vehicle or tractor, and reveal the name of the person, if known to him, or, if the information is made in a county other than that of his own residence, shall forward to the magistrate an affidavit setting forth these facts, then the prima facie evidence arising from the registration plate shall be overcome and removed and the burden of proof shifted."

alleged unconstitutionality of § 1212 of the Motor Vehicle Code. In particular, appellant asserted that the presumption created by § 1212 unconstitutionally shifted the burden of proof to appellant, infringed his right not to incriminate himself, and violated due process. The lower court dismissed this application. On November 21, 1975, appellant waived his right to trial by jury and trial commenced. At appellant's trial, the parties stipulated that: ". . . [T]he Commonwealth has in fact made out a prima facie case of Racing on the Highway, and the further stipulation is that the identity of the Defendant is being proved only by the presumption in the Vehicle Code, Section 1212 of the Vehicle Code, prima facie evidence of his registration." The court accepted this stipulation and then listened to appellant's counsel argue that § 1212 violated the United States Constitution for the reasons specified in the Application to Quash Indictments. At the conclusion of this argument, the lower court found appellant guilty of all charges. Appellant's counsel and the lower court then engaged in the following interchange:

"[Appellant's counsel]: The defense at this time would enter a motion.

"THE COURT: I mean that the Court finds the Defendant guilty on the three misdemeanor charges as enumerated by the District Attorney and on the seven summary offenses as also enumerated by the District Attorney, and refers to the terms and numbers of those cases as heretofore more fully set forth, and finds the Defendant guilty.

"[Appellant's counsel]: Off the record.

"(Discussion off the record.)

"THE COURT: The Court bases this decision on the presumption of the Act of Assembly here and above quoted that indicates that there is a presumption that the owner of the car was driving it at the time of the alleged violation, and that it's his burden to overcome that presumption under

the present law until changed by an appellate court if so done.

"[Appellant's counsel]: The defense, at this time, would enter a motion for a new trial and arrest of judgment.

"THE COURT: I direct you not only to file the motions in writing within seven days but get that stipulation signed before you forget about it, the waiver of jury trial."

In the official docket, the lower court made an entry confirming that appellant had made an oral post-verdict motion for a new trial and in arrest of judgment. At no time did the court give the required Rule 1123(c) warnings as to the necessity of filing specific post-verdict motions in order to preserve contentions for appellate review.[2] Subsequently, appellant filed boiler-plate written post-verdict motions challenging the sufficiency of the evidence. On June 17, 1975, the lower court denied appellant's post-verdict motions; the court filed an opinion thoroughly discussing and rejecting appellant's challenge to the constitutionality of § 1212. On July 9, 1976, the lower court imposed a one year term of probation upon appellant. This appeal followed.

In his brief, before us, appellant specifically asserts the unconstitutionality of the § 1212 presumption. The Commonwealth's reply brief consists of one sentence acknowledging that the Pennsylvania Supreme Court has declared the § 1212 presumption unconstitutional, *Commonwealth v. Slaybaugh,* supra, and agreeing that appellant should therefore be discharged. The Dissenting Opinion however, would hold that appellant did not properly preserve his challenge to the unconstitutionality of the § 1212 presumption, and would remand for a hearing on whether appellant intelligently waived this claim.

2. Rule 1123(c) provides:

"Upon the finding of guilt, the trial judge shall advise the defendant on the record: (1) of his right to file post-verdict motions and of his right to the assistance of counsel in the filing of such motions and on appeal of any issues raised therein; (2) of the time within which he must do so as set forth in paragraph (a); and (3) that only the grounds contained in such motions may be raised on appeal."

■ We believe that appellant properly preserved his constitutional challenge for appellate review. Our Court has recently held that a defendant may preserve contentions for our consideration by making specific oral post-verdict motions on the record at the conclusion of trial pursuant to Rule 1123(b). *Commonwealth v. Erhart,* 248 Pa.Super. 481, 375 A.2d 342 (Filed June 29, 1977); *Commonwealth v. Kinsey,* 249 Pa.Super. 371, 375 A.2d 727 (Filed June 29, 1977); *Commonwealth v. Babb,* 246 Pa.Super. 471, 371 A.2d 933 (Filed March 31, 1977). In the instant case, all pre-trial, trial,[3] and post-trial proceedings focussed exclusively on one issue; the constitutionality of the § 1212 presumption. Indeed, the Commonwealth and appellant stipulated that this was the only issue involved in the case. After a thorough discussion of the constitutionality of the presumption at trial, the lower court explicitly predicated its guilty verdict upon the operation of the presumption. Appellant's counsel immediately filed a motion for a new trial and arrest of judgment; the record makes patently clear that this motion could only refer to appellant's challenge to the constitutionality of the § 1212 presumption.[4] The lower court accepted the filing of this motion and responded with a thorough opinion on the issue raised by appellant. Under these circumstances, we hold that appellant specifically and properly preserved his constitutional challenge by filing oral post-verdict motions on the record at the conclusion of trial pursuant

**3.** We note that the trial transcript consumed only nine pages, all devoted to the parties' discussion of § 1212's constitutionality.

**4.** Recently, in *Commonwealth v. Grace,* 473 Pa. 542, 375 A.2d 721 (Filed July 8, 1977), the Pennsylvania Supreme Court indicated a willingness to look beyond the bare wording of post-verdict motions in order to determine if appellant had sufficiently preserved *on the record* his contention for appellate review. In *Grace,* the Court held that a written memorandum in support of issues raised in prior post-verdict motions preserved specific contentions because the memorandum assured certainty in the record and guaranteed that appellant actually presented the issues to the lower court. In the instant case, the Application to Quash Indictments, the nine page transcript, and the oral post-verdict motion made on the record at the conclusion of trial all afford the requisite certainty that appellant asserted the unconstitutionality of § 1212 at all stages of the proceedings before the lower court.

to Rule 1123(b).[5] Accordingly, we reach the merits of appellant's argument.

In *Commonwealth v. Slaybaugh,* supra, 468 Pa. at 624, 364 A.2d at 690, our Supreme Court declared that the § 1212 presumption violated the following constitutional rights of a defendant:

"(1) That all men are innocent until 'proven' guilty. See *Commonwealth v. Bonomo,* 396 Pa. 222, 151 A.2d 441 (1959).

"(2) The Fifth Amendment protection not to be compelled to testify when one is a criminal defendant. See Fifth Amendment to U. S. Constitution. See also art. I, § 9 of the Pennsylvania Constitution, and the Act of May 23, 1887, P.L. 158, § 10, 19 P.S. § 631.

"(3) The requirement that the Commonwealth prove every element of the crime beyond a reasonable doubt. See *Commonwealth v. Rose,* 457 Pa. 380, 321 A.2d 880 (1974)."

Accordingly, the Court reversed a conviction for failing to stop at the scene of an accident because the Commonwealth relied solely on the § 1212 presumption to establish that Slaybaugh operated the offending vehicle.

If *Commonwealth v. Slaybaugh* applies to cases pending on appeal when it was decided, then *Slaybaugh* controls the instant case. In *Commonwealth v. Cain,* 471 Pa. 140, 369 A.2d 1234 (1977), our Supreme Court recently divided sharply over the proper standard to be employed in determining whether a new court interpretation of constitutional law applies to cases pending on appeal at the time of its decision. In *Cain,* the Commonwealth charged appellant with murder. The trial court refused to instruct the jury on voluntary

5. We note that the Dissenting Opinion holds that although appellant did not preserve his constitutional objection, the lower court's failure to comply with Rule 1123(c) necessitates an evidentiary hearing to determine if appellant waived this contention. However, in *Commonwealth v. Brown,* 248 Pa.Super. 289, 375 A.2d 102 (1977), our Court recently held that if a lower court does not give Rule 1123(c) warnings *and* counsel files only boilerplate post-verdict motions in contravention of *Commonwealth v. Blair,* 460 Pa. 31, 331 A.2d 213 (1975), then a defendant *must* be given the opportunity to file post-verdict motions nunc pro tunc.

manslaughter. An appeal followed conviction. While Cain's appeal was pending, our Supreme Court, pursuant to its supervisory powers, announced a prospective rule that in a homicide trial, trial courts must, if requested, charge a jury on voluntary manslaughter, despite the lack of evidence to support such a verdict. *Commonwealth v. Jones,* 457 Pa. 563, 322 A.2d 119 (1974). Shortly thereafter, a Third Circuit panel held that a trial court's refusal to give a requested voluntary manslaughter charge in a murder case violated due process. *United States ex rel. Matthews v. Johnson,* 503 F.2d 339 (3rd Cir. 1974). In *United States ex rel. Cannon v. Johnson,* 536 F.2d 1013 (3rd Cir. 1976), a Third Circuit panel held that *Matthews* only governed cases tried after *Matthews.* Our Supreme Court subsequently confronted Cain's appeal, and an equally divided court affirmed his conviction.

Justice (now Chief Justice) EAGEN filed an Opinion in Support of Affirmance in which Chief Justice JONES and Justice POMEROY joined. In addressing the issue of the applicability of *Matthews* to Cain's appeal, Justice EAGEN considered the following three factors:

" '(a) the purpose to be served by the new standards;

'(b) the extent of the reliance by law enforcement authorities on the old standards; and

'(c) the effect on the administration of justice of a retroactive application of the new standards.'

*Matthews,* supra at 347–8, quoting from [*United States v. Zirpolo,* 450 F.2d 424, 431–32 (3rd Cir. 1971)]; *Linkletter v. Walker,* 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 [1965] . . . ."

In particular, Justice EAGEN, quoting from *Cannon,* supra at 1016, stressed that ". . . 'foremost' consideration should be given 'to the purpose to be served *by the new constitutional rule,*' and the later holding of *Williams v. United States,* 401 U.S. 646, 653, 91 S.Ct. 1148, 1152, 28 L.Ed.2d 388 (1971), that retroactivity should be accorded

'[w]here the major purpose of new constitutional doctrine is to overcome an aspect of the criminal trial that substantially impairs its truth-finding function and so raises serious questions about the accuracy of guilty verdicts in past trials.'" *Commonwealth v. Cain,* supra, 471 Pa. at 161, 369 A.2d at 1245. (Emphasis in original). Justice EAGEN determined that the rule of *Matthews* impaired, rather than aided, the jury's truth-finding function. Moreover past Commonwealth reliance on the old standard and a future burdensome impact on judicial administration militated against applying *Matthews* to pending appeals. Accordingly, Justice EAGEN refused to apply *Matthews* to cases tried before the Supreme Court's decision in *Commonwealth v. Jones,* supra.[6]

Justice ROBERTS authored an Opinion in Support of Reversal in which Justices O'BRIEN and MANDERINO joined. Justice ROBERTS stated his belief that a court deciding a case on direct appeal has an obligation to apply the decisional constitutional law as it exists at the time of its judgment and not as it existed at the time of trial. In essence, no question of retroactivity confronted the Court because appellant's conviction had not yet been "finalized" by the exhaustion of direct appeals. Accordingly, Justice ROBERTS asserted that the three factors considered by Justice EAGEN were inappropriate considerations in determining the applicability of new court made constitutional rules to cases pending on direct appeal. Moreover, Justice EAGEN'S approach would have the inequitable result of according unequal treatment to similarly situated individu-

**6.** Justice POMEROY filed a separate Opinion in Support of Affirmance. He stated his belief that ". . . if a constitutional rule has been offended, similarly situated defendants should normally be treated the same unless, in Mr. Justice HARLAN'S phrase there is 'a principled reason for acting differently.' *Desist v. United States,* 394 U.S. 244, 258, 89 S.Ct. 1030, 22 L.Ed.2d 248 . . . (HARLAN, J., Dissenting)" *Commonwealth v. Cain,* supra, 471 Pa. at 170, 369 A.2d at 1249. However, Justice POMEROY believed that the decision of the Third Circuit panel in *Cannon* on a matter of federal constitutional law bound our Supreme Court. Justice POMEROY also emphasized that the *Matthews* rule did not enhance the reliability of the fact-finding process.

als. Therefore, Justice ROBERTS would have reversed Cain's conviction.[7]

■ Regardless of whether one applies the standard advocated by Justice EAGEN or that championed by Justice ROBERTS, *Slaybaugh* controls the instant case. Justice ROBERTS' approach, of course, automatically requires *Slaybaugh's* application. Justice EAGEN'S standard requires that 'retroactivity' be accorded ". . . *[w]here the major purpose of new constitutional doctrine is to overcome an aspect of the criminal trial that substantially impairs its truth-finding function* and so raises serious questions about the accuracy of guilty verdicts in past trials." *Commonwealth v. Cain,* supra, 471 Pa. at 162, 369 A.2d at 1245. (Emphasis in original) In *Slaybaugh,* our Supreme Court invalidated the § 1212 presumption because, in part, it shifted the burden of proof to a defendant and because it was not logically tenable to assume that an owner of a car necessarily operated the car at the time of a Motor Vehicle Code infraction. In short, the presumption severely compromised the integrity of the fact-finding process and raised serious questions about the accuracy of past guilty verdicts. Under Justice EAGEN'S approach, therefore, *Slaybaugh* should be applied to the instant case. Because the lower court expressly premised its finding of guilt on the § 1212 presumption, we order appellant discharged.

■ Assuming that appellant failed to preserve specifically his challenge to the constitutionality of § 1212, we still believe that the Commonwealth failed to produce sufficient evidence to convict appellant of the crimes charged. The Dissenting Opinion concedes that appellant properly pre-

---

7. Justice MANDERINO filed a separate Opinion in Support of Reversal stating his basic agreement with Justice ROBERTS. Justice MANDERINO also analyzed the three factors considered by Justice EAGEN and determined that these factors required the application of the *Matthews* rule to cases pending on appeal.

   While Justice NIX did not participate in *Cain,* he has subsequently made clear his allegiance to the approach endorsed by Justice EAGEN. See *Commonwealth v. Myles,* 471 Pa. 616, 370 A.2d 1193 (1977).

served this contention. *Commonwealth v. Slaybaugh* quite clearly states that the § 1212 presumption does not alone provide sufficient evidence to prove beyond a reasonable doubt that an owner operated his car at the time of a Vehicle Code infraction. Accordingly, we hold that the Commonwealth's failure to adduce sufficient evidence to identify appellant as the operator of his car on June 22, 1975, provides an alternative basis for discharging appellant.

Because the § 1212 presumption is unconstitutional and is not alone sufficient to prove that appellant operated his vehicle in violation of the Motor Vehicle Code, we order appellant discharged.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

PRICE, J., files a dissenting opinion.

VAN der VOORT, J., files a Dissenting Opinion in which JACOBS, President Judge, joins.

PRICE, Judge, dissenting:

Appellant's claim, the unconstitutionality of section 1212 of the Motor Vehicle Code, was not preserved in post-trial motions. In the instant appeal, it is not asserted that appellant's failure to preserve the issue was involuntary or that the lower court failed to comply with Pa.R.Crim.P. 1123. Under these circumstances, I would hold appellant's claim waived and affirm the judgment of sentence.

Appellant was tried on November 21, 1975. In *Commonwealth v. Blair*, 460 Pa. 31, 33 n. 1, 331 A.2d 213, 214 n. 1 (1975), announced January 27, 1975, the Supreme Court of Pennsylvania stated:

"The practice in some judicial districts of ignoring the requirements of Rule 1123(a) is condemned. Henceforth, issues not presented in compliance with the rule will not be considered by our trial and appellate courts."

In this case a written motion in arrest of judgment and for a new trial was filed, but it raised only pro forma sufficiency

of the evidence claims.  The constitutional issue in regard to section 1212 of the Motor Vehicle Code was not preserved under Pa.R.Crim.P. 1123(a).[1]  Judge Hoffman would reach appellant's constitutional argument under Pa.R.Crim.P. 1123(b).[2]  He states:

"We believe that appellant properly preserved his constitutional challenge for appellate review.  Our Court has recently held that a defendant may preserve contentions for our consideration by making specific oral post-verdict motions on the record at the conclusion of trial pursuant to Rule 1123(b).  *Commonwealth v. Erhart*, 248 Pa.Super. 481, 375 A.2d 342 (Filed June 29, 1977); *Commonwealth v. Kinsey*, 249 Pa.Super. 371, 375 A.2d 727 (Filed June 29, 1977); *Commonwealth v. Babb*, 246 Pa.Super. 471, 371 A.2d 933 (Filed March 31, 1977).  In the instant case, all pre-trial, trial, and post-trial proceedings focussed exclusively on one issue;  the constitutionality of the § 1212 presumption.  Indeed, the commonwealth and appellant stipulated that this was the only issue involved in the case.  After a thorough discussion of the constitutionality of the presumption at trial, the lower court explicitly predicated its guilty verdict upon the operation of the presumption.

1.  Pa.R.Crim.P. 1123(a) provides that:
    "Within seven (7) days after a finding of guilt, the defendant shall have the right to file written motions for a new trial and in arrest of judgment.  Only those grounds may be considered which were raised in pre-trial proceedings or at trial, unless the trial judge, upon cause shown, allows otherwise.  Argument shall be scheduled and heard promptly after such motions are filed, and only those issues raised and the grounds relied upon in the motions may be argued.  If the grounds asserted do not require a transcript, neither the filing nor argument of post-verdict motions shall be delayed for lack of a transcript of the notes of testimony."

2.  Pa.R.Crim.P. 1123(b) provides as follows:
    "If the defendant agrees on the record, the post-verdict motions may be made orally at the conclusion of the trial.  The defendant may also within the seven (7)-day period on the record voluntarily and understandingly waive the filing of post-verdict motions.  Prior to the acceptance of such waiver the trial judge shall, pursuant to paragraph (c) of this Rule, advise the defendant on the record that his waiving of post-verdict motions shall preclude his raising on appeal any issues which might have been raised in such motions."

Appellant's counsel immediately filed a motion for a new trial and arrest of judgment; the record makes patently clear that this motion could only refer to appellant's challenge to the constitutionality of the § 1212 presumption. The lower court accepted the filing of this motion and responded with a thorough opinion on the issue raised by appellant. Under these circumstances, I would hold that appellant specifically and properly preserved his constitutional challenge by filing oral post-verdict motions on the record at the conclusion of trial pursuant to Rule 1123(b)." (Plurality Opn. of Hoffman, J. at 332).

I disagree with the above-stated conclusion. The following dialogue between defense counsel and the court occurred at the end of the trial proceeding.

"[Appellant's counsel]: The defense, at this time, would enter a motion for new trial and arrest of judgment.

THE COURT: I direct you not only to file the motions in writing within seven days but get that stipulation signed before you forget about it, the waiver of jury trial." First, it is apparent that the "oral post-verdict motion" made by appellant's counsel stated no ground upon which relief might have been granted. It was nothing more than a barren, totally unsupported request. Judge Hoffman suggests that we import into appellant's oral motion the substance of the discussion between appellant's counsel and the lower court concerning the constitutionality of section 1212 which took place during trial. I can perceive no reason to do this. Numerous cases have emphasized the requirement that issues to be reviewed must be specifically preserved. It would have been exceedingly simple for appellant's counsel to have stated, "I move for arrest of judgment or a new trial on the ground that section 1212 of the Motor Vehicle Code is unconstitutional." This was not done, however, and the oral post-verdict motion thus preserved nothing.

Another consideration mandates a finding that appellant's oral motion was ineffective. The trial court directed appellant's counsel to "file the motions in writing within seven days." Read in context, this statement instructed counsel to

reduce to writing the issues he intended to be covered by his oral motion. In compliance with this directive, written motions were filed challenging only the sufficiency of the evidence. Even if we assume that a party's inferred intent in making an oral post-trial motion is cognizable on appeal, which it is not, any assertion that appellant's counsel intended the constitutional issue to be covered by his oral motion is directly contradicted by counsel's conduct.

Judge Van der Voort, on the authority of *Commonwealth v. Schroth*, 458 Pa. 233, 328 A.2d 168 (1974), would remand this case for a hearing to determine the voluntariness of appellant's failure to preserve his constitutional claim in post-trial motions. I disagree with this disposition in two respects. First, I do not believe that the voluntariness of appellant's failure to file post-trial motions or the trial court's failure to comply with Pa.R.Crim.P. 1123(c) [3] are issues properly before this court. Second, if the issue is to be treated on the merits, the course dictated by our prior cases is a remand for compliance with Rule 1123(c) and the filing of proper post-trial motions nunc pro tunc. *See Commonwealth v. Miller*, 232 Pa.Super. 171, 335 A.2d 528 (1975); *Commonwealth v. Dimitris*, 231 Pa.Super. 469, 331 A.2d 701 (1974).

There is support for the position that this court must conduct a sua sponte review of the record for lower court compliance with Pa.R.Crim.P. 1123(c), and that such compliance is a prerequisite to finding issues not raised in post-trial motions waived. *Commonwealth v. Schroth, supra,* may be read to require such a procedure, and this court has remanded for Rule 1123(c) compliance in a number of cases where the issue was not raised by the appellant, *see Commonwealth v. Brown*, 248 Pa.Super. 289, 375 A.2d 102 (1977);

---

3. Pa.R.Crim.P. 1123(c) states:

"Upon the finding of guilty, the trial judge shall advise the defendant on the record: (1) of his right to file post-verdict motions and of his right to the assistance of counsel in the filing of such motions and on appeal of any issues raised therein; (2) of the time within which he must do so as set forth in paragraph (a); and (3) that only the grounds contained in such motions may be raised on appeal."

*Commonwealth v. Steffish*, 243 Pa.Super. 309, 365 A.2d 865 (1976). I do not, however, interpret either the cases of the Supreme Court of Pennsylvania or the cases of our court as *requiring* sua sponte Rule 1123 review, and I strongly recommend that we discontinue this practice.

In *Wiegand v. Wiegand*, 461 Pa. 482, 337 A.2d 256 (1975), our supreme court reversed the prior order of the superior court and strongly criticized that court's decision of a constitutional issue not presented by the parties on appeal. The court observed as follows:

"The Superior Court by sua sponte deciding the constitutional issue exceeded its proper appellate function of deciding controversies presented to it. The court thereby unnecessarily disturbed the processes of orderly judicial decisionmaking. Sua sponte consideration of issues deprives counsel of the opportunity to brief and argue the issues and the court of the benefit of counsel's advocacy. . . . Furthermore, sua sponte determinations raise many of the considerations that led this court to require that issues presented on appeal be properly preserved for appellate review by timely objection in the trial court. *See Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974); *cf. Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974).

It must therefore be concluded that the Superior Court should not have considered an unpresented issue, but instead resolved the appeal on the basis of the issues raised by the parties." *Wiegand v. Wiegand, supra,* 461 Pa. at 485, 337 A.2d at 257–58.

The supreme court has recently cited *Wiegand* in a per curiam order reversing the superior court and remanding the case to us "for consideration of the issues properly preserved for appellate review." *Commonwealth v. James Dill* (8/8/77).

This philosophy is also expressed in the Pennsylvania Rules of Appellate Procedure. Rule 2116(c) provides, *inter alia,* the following:

"Where under the applicable law an issue is not reviewable on appeal unless raised or preserved below; the statement of the case shall also specify:

(1) The stage of the proceedings in the court of first instance, and in any appellate court below, at which, and the manner in which, the questions sought to be reviewed were raised.

(2) The method of raising them (e. g. by a pleading, by a request to charge and exceptions, etc.).

(3) The say in which they were passed upon by the court.

.  .  ." *See also* Pa.R.A.P. 2118(e).

The voluntariness of a failure to file post-verdict motions has not been uniformly subjected to sua sponte review by the appellate courts of this state. In *Commonwealth v. Carter*, 463 Pa. 310, 313 n. 4, 344 A.2d 846, 848 n. 4 (1975), the supreme court stated that "[t]he question whether a waiver of post-verdict motions was voluntary and intelligent will be considered by appellate courts if it was raised at the earliest opportunity on appeal; otherwise, that question itself is waived. *See Commonwealth v. Jones*, 460 Pa. 713, 334 A.2d 601 (1975)." In *Carter*, this court had granted the appellant a new trial on the basis of an ineffective jury trial waiver. No post-verdict motions had been filed. The supreme court reversed our order because the jury trial waiver issue had not been properly before us.

In *Commonwealth v. Brown, supra*, it was pointed out that *Carter* and several other cases which found claims not raised in post-trial motions waived were decided prior to the 1973 amendment of Pa.R.Crim.P. 1123. The Rule prior to that amendment had no provision equivalent to the present Rule 1123(c), which specifies the post-trial information which must be imparted to all convicted defendants. The court states that "[t]he June 8, 1973 amendment indicates an intent to substitute a per se rule that warnings must be given for the traditional test of determining whether a defendant intelligently and knowingly waives his right to appeal by considering all the circumstances." *Commonwealth v. Brown, supra*, 248 Pa.Super. at 294 n. 5, 375 A.2d

at 104–05 n. 5. I joined the opinion in *Brown,* and I agree with the above-quoted language in that, as I read it, we held that the 1973 amendment to Rule 1123 substituted the requisite warnings in section (c) for the previous standard of "knowing and voluntary under all the circumstances" in determining whether a claim not preserved in post-trial motions is waived. However, I believe that we can properly review the voluntariness of an appellant's failure to preserve an issue, a determination which now hinges on the trial court's compliance or failure to comply with Rule 1123(c), only when that issue is presented to us on appeal. In my view, nothing in either the present Rule 1123 or *Commonwealth v. Brown, supra,* imposes upon this court the obligation to conduct a sua sponte review for Rule 1123 compliance whenever an issue not preserved in post-trial motions is raised on appeal. Consequently, I do not agree with any implication in *Commonwealth v. Brown, supra,* that the validity of the principle stated in *Commonwealth v. Carter, supra,* that a claim of involuntariness of failure to preserve an issue for review is itself waived unless raised at the first opportunity on appeal, was terminated by the 1973 amendment to Rule 1123.

In conclusion, I would point out that we are sorely in need of a clear standard in this area. There are cases from the supreme court and from this court engaging in sua sponte review of the Rule 1123 or voluntariness issue. Some cases, *e. g. Commonwealth v. Schroth, supra,* and *Commonwealth v. Brown, supra,* may be read to mandate such a procedure. Other cases support a contrary result, a result which I feel reason indicates and proper appellate procedure dictates. Criminal justice in this Commonwealth is supposed to function on an adversary basis. A criminal defendant is entitled to competent and zealous, but not perfect, representation. This court's proper role is as the impartial arbiter of issues presented to it on appeal, not as the big brother of criminal defendants or the mentor of defense attorneys. If we indulge in sua sponte review on the topic involved here, I fear we will be forsaking the former position and taking a step closer to the latter ones.

I would affirm the judgment of sentence of the lower court.

VAN der VOORT, Judge, dissenting:

On June 22, 1975, Pennsylvania State Police observed several drag races on a public highway in Lancaster County. The police officers noted the license number of a car which was later traced to appellant Roger D. Leaman. Appellant was charged with three counts of drag racing and with several other traffic offenses. On November 7, 1975, appellant filed an Application to Quash Indictments, arguing the unconstitutionality of § 1212 of the Motor Vehicle Code.[1] This application was denied on November 13, 1975, and appellant was tried on November 21, 1975 before a judge sitting without a jury. Appellant was found guilty and was sentenced to pay a fine and serve 15–30 days in jail, and was placed on probation for one year. Appeal was taken to our Court from the judgment of sentence.

Appellant raises what would appear to be a meritorious argument, the unconstitutionality of § 1212 of the Vehicle Code.[2] This section provides that the owner of a motor vehicle will be presumed to have been driving his vehicle at the time the vehicle was observed violating any provision of the Code. At appellant's trial, the parties stipulated that the Commonwealth had established a prima facie case against appellant,[3] but that the identity of appellant as the driver of the vehicle observed drag racing was established only by this presumption in § 1212. Section 1212 was declared unconstitutional by our Supreme Court in *Common-*

1. Act of April 29, 1959, P.L. 58, § 1212, as amended July 13, 1959, P.L. 534, § 1, 75 P.S. § 1212.

2. The Commonwealth concedes in the one sentence brief filed with our Court that appellant should be discharged.

3. In his Opinion JUDGE HOFFMAN states that he believes "that the Commonwealth failed to produce sufficient evidence to convict appellant of the crimes charged." This assertion is contrary to the stipulation made by both parties that the Commonwealth has in fact made out prima facie cases and the defendant offered no evidence.

*wealth v. Slaybaugh,* 468 Pa. 618, 364 A.2d 687 (1976). Appellant raised the issue of the unconstitutionality of this section in his Application to Quash Indictments. He *may* also have raised this issue orally after trial (the court en banc discussed the issue in its opinion); however, there is no indication in the official record that he preserved the issue in *written* post-trial motions. Appellant's written Motion in Arrest of Judgment and Motion for New Trial raise only the standard insufficiency of evidence claims. Under *Commonwealth v. Blair,* 460 Pa. 31, 331 A.2d 213 (1975), an appellant's failure to preserve an issue in *written* post-trial motions will ordinarily result in a waiver of the right to raise that issue on appeal.[4] Under *Commonwealth v. Schroth,* 458 Pa. 233, 328 A.2d 168 (1974), however, in order for such a waiver to be effective, the record must affirmatively demonstrate that the defendant was aware of his right to file post-trial motions.

In the case before us, the lower court found appellant guilty, indicating that its decision was based on § 1212 of the Vehicle Code and the presumption that the owner of a car was driving it at the time of a violation of the Code. At the close of the trial, appellant's attorney stated: "The defense, at this time, would enter a motion for a new trial and arrest of judgment." The court responded: "I direct you not only to file the motions in writing within seven days but get that stipulation signed before you forget about it, the waiver of jury trial." The proceedings then concluded, with no advice that only the grounds contained in post-trial motions could be raised on appeal. Under these circumstances, I believe it is impossible for us to determine whether appellant knowingly and intelligently waived the right to challenge on appeal the constitutionality of § 1212 of the Vehicle Code.

In *Commonwealth v. Miller,* 469 Pa. 370, 366 A.2d 220 (1976) and *Commonwealth v. Williams,* 459 Pa. 589, 330 A.2d

4.  See *Commonwealth v. Bailey,* 463 Pa. 354, 344 A.2d 869 (1975); *Commonwealth v. Terry,* 462 Pa. 595, 602, n.3, 342 A.2d 92 (1975); *Commonwealth v. Fortune,* 464 Pa. 367, 371, n.4, 346 A.2d 783 (1975). See *Henry v. Mississippi,* 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965), on the right of the state courts to require strict compliance with state procedural rules.

854 (1975), our Supreme Court determined *from the record* that the defendants had most likely been misled by the lower court and therefore could not have knowingly and intelligently waived their appeal rights. In both cases, the Supreme Court remanded for filing of post-trial motions nunc pro tunc. In *Schroth* and in *Commonwealth v. Tate,* 464 Pa. 25, 346 A.2d 1 (1975), the Supreme Court was unable to determine from the record whether or not the appellants had knowingly and intelligently waived the right to file post-verdict motions. In these cases, the Supreme Court remanded for a determination of whether or not the waiver was knowing and intelligent. Since there exists an inability to determine whether or not appellant in the case before us knowingly and intelligently waived his appeal rights, in accordance with *Schroth* and *Tate* I would remand this case to the lower court. If the lower court determined that appellant did not knowingly and intelligently waive the issue of the unconstitutionality of § 1212, I believe the court would be required to file written post-trial motions and thereafter take appropriate action on the motion by discharging appellant. If the lower court on a remand found that appellant did knowingly and intelligently waive the issue of the unconstitutionality of § 1212, I believe the judgment of sentence would properly be reinstated and thereafter stand affirmed.

JACOBS, President Judge, joins in this dissenting opinion.