## Commonwealth *v.* Reid, Appellant.

Argued May 21, 1974. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Clarence B. Turns, Jr.,* for appellant.

*Rolf W. Bienk,* Deputy District Attorney, with him *Marion E. MacIntyre,* Deputy District Attorney, and *LeRoy S. Zimmerman,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE POMEROY, October 16, 1974:

Appellant, Alexander Reid, was convicted by a Dauphin County jury of murder in the second degree.

The slaying in question was precipitated by an argument between Reid and Bernard Anderson, the victim, which took place in front of Reid's home; during the course of the altercation, appellant shot the victim with a small pistol. At trial, Reid claimed that Anderson had threatened to kill him and his companion, James Shavers, and was about to assault them with a brick; he denied any intent to kill Anderson. Following the denial of post-verdict motions, appellant was sentenced to pay a fine of one hundred dollars and undergo a term of imprisonment of not less than ten nor more than twenty years. This appeal followed.

Appellant asserts that his case was prejudiced by allegedly irrelevant testimony concerning a dispute between Shavers and Anderson which had occurred sometime earlier on the day of the slaying.[1] This issue, however, was not raised in support of appellant's motion in arrest of judgment and for a new trial. Accordingly, we will not consider it now. The swift and orderly administration of criminal justice requires that lower courts be given the opportunity to rectify their errors before they are considered on appeal. We have said many

---

[1] According to this testimony, Shavers chased Anderson down a street with a knife in his hand on the morning of the slaying. It appears from the record that this incident was first mentioned by a Commonwealth witness on cross-examination by defense counsel, who delved into the matter in a series of questions. When the prosecuting attorney sought to explore this incident in his examination of his next witness, defense counsel objected on grounds of relevancy. The objection was sustained. Defense counsel did not request an instruction to the jury to disregard the testimony already elicited as to this episode, and none was given. No objection was raised to the omission of such an instruction at the conclusion of the court's charge. *See* Pennsylvania Rule of Criminal Procedure 1119; *Commonwealth v. Watlington*, 452 Pa. 524, 306 A.2d 892 (1973) ; cf. *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974) ; *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974).

times that we will not review for the first time on appeal issues not properly raised and preserved in the trial court. *Commonwealth v. Agie*, 449 Pa. 187, 296 A.2d 741 (1972) ; *Commonwealth v. Little*, 449 Pa. 28, 295 A.2d 287 (1972) ; *Commonwealth v. Donovan*, 447 Pa. 450, 291 A.2d 116 (1972) ; *Commonwealth v. Jacobs*, 445 Pa. 364, 367, 284 A.2d 717 (1971) ; *Commonwealth v. Bittner*, 441 Pa. 216, 221, 272 A.2d 484, 487 (1971) ; *Commonwealth v. Myers*, 439 Pa. 381, 384-85, 266 A.2d 756 (1970).

Judgment of sentence affirmed.