334 A.2d 601
COMMONWEALTH of Pennsylvania
v.
James William JONES, Jr., Appellant.

Supreme Court of Pennsylvania.

Submitted Nov. 8, 1972.

Decided March 18, 1975.

Mitchell W. Miller, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Jr., Dist. Atty., David Richman, Chief, Appeals Div., Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDARINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellant James William Jones, Jr., was convicted, after trial before a jury, of voluntary manslaughter for the stabbing death of Joyce Warren. His trial counsel filed post-trial motions, but at the sentencing proceeding in the presence of counsel, appellant himself withdrew the motions. He was sentenced to serve a six-to-twelve year term of imprisonment.

Subsequently appellant instituted a pro se appeal and new counsel was appointed to assist him. Counsel submitted a brief to this Court and requested leave to withdraw from the case. Because counsel's brief failed to comply with the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *Commonwealth v. Baker*, 429 Pa. 209, 239 A.2d 201 (1968), we held that his request to withdraw was premature and directed him to file a brief complying with *Anders* and *Baker*. *Commonwealth v. Jones*, 451 Pa. 69, 301 A.2d 811 (1973).

Counsel has finally submitted a brief that purports to "thoroughly discuss and present all possible grounds 'that might arguably support the appeal.' " [1]

---

1. We filed our order in *Commonwealth v. Jones*, 451 Pa. 69, 301 A.2d 811 (1973), on March 16, 1973; counsel submitted his con-

*Commonwealth v. Jones,* supra, at 76, 301 A.2d at 815. Counsel mailed a copy of the brief to appellant. In addition, on October 3, 1974, the prothonotary of this Court sent appellant a copy of the brief and informed him in a covering letter:

> "Within thirty days you must notify the prothonotary of this Court whether you wish to: (1) file a supplemental brief yourself, or (2) have the Court decide the merits of your appeal on the basis of the enclosed brief.

> "If the prothonotary receives no reply from you within thirty days, the Court will proceed to decide your appeal on the basis of the brief submitted by your counsel."

Appellant has neither replied to the letter nor filed a supplemental brief. Therefore, we proceed to the merits and affirm.

Appellant's counsel contends that the trial court erred in failing to suppress a confession obtained in violation of appellant's constitutional rights; in permitting the Commonwealth to call a witness who it knew would refuse to testify in reliance on his privilege against self-incrimination; and in refusing to admit psychiatric evidence concerning appellant's mental capacity.

---

forming brief on August 13, 1974. This delay of 17 months is unexplained. His behavior has unjustifiably delayed the judicial process. We thus refer this case to the disciplinary authorities for appropriate inquiry. See *Commonwealth v. Davis,* 444 Pa. 11, 13–14, 280 A.2d 119, 120 (1971); Canons of Professional Responsibility, canons 6 and 7; ABA Project on Standards for Criminal Justice, Standards Relating to the Defense Function § 8.4 and comment a., at 302–03 (Approved Draft, 1971).

In addition, the brief that counsel submitted is woefully deficient. It fails to include a summary of argument (Supreme Court Rules 47(4) and 54), a statement of jurisdiction (Rules 47(1) and 51), and an index and table of citations (Rule 37), and fails to properly set forth a statement of the questions involved (Rule 52). This noncompliance with our Rules is strongly condemned. Were it not for the delay that has already occurred, we would order the brief stricken and direct counsel to file a conforming brief.

These claims have not been preserved for appellate review. It is axiomatic that we will not consider issues that were not raised in support of post-trial motions. *Commonwealth v. Reid,* 458 Pa. 357, 326 A.2d 267 (1974); cf. *Commonwealth v. Clair,* Pa., 326 A.2d 272 (1974). Appellant's trial counsel filed post-trial motions,[2] but appellant himself requested that they be withdrawn. Accordingly, his present claims have not been preserved. The issue whether appellant's decision was voluntary and made with the competent advice of counsel has not been raised on appeal, and therefore we do not consider it.

Judgment of sentence affirmed.

2. We note that these written motions consisted of nothing but a boiler-plate challenge to the sufficiency of the evidence. See *Commonwealth v. Blair,* 460 Pa. 31, 34 n. 1, 331 A.2d 213, 214, n. 1 (1975).