344 A.2d 479

COMMONWEALTH of Pennsylvania

v.

Leslie Liza PRICE, Appellant.

Supreme Court of Pennsylvania.

Argued May 22, 1974.

Decided Oct. 3, 1975.

Brian E. Appel, Segal, Appel & Natali, Philadelphia, for appellant.

Horace J. Culbertson, Lewistown, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, POMEROY, NIX and MANDERINO, JJ.

OPINION OF THE COURT

NIX, Justice.

This is an appeal from a conviction of a violation of § 4(q) of the Drug, Device and Cosmetic Act of 1961, 35 P.S. § 780–4(q). After a trial by jury a sentence of $500.00 fine and cost was imposed. Thereafter, an appeal was taken to the Superior Court which affirmed the judgment of sentence with two judges dissenting. This Court granted allocatur and this appeal followed. We now affirm.

On April 22, 1970, pursuant to several complaints by passing motorists, two state troopers were dispatched to a location on Route 322 near Lewistown. Upon their arrival at the designated location, the troopers observed a young man and young woman lying on an embankment on the highway embracing each other. Both persons were fully clothed. As the officers approached, the couple rose to their feet. The officers testified that the appellant appeared to have "a slight staggering gait" and was "more or less giddish". The officers further testified that they detected a slur in the speech of appellant and that a survey of the area failed to produce any evidence of a container which might have held an alcoholic

beverage. At that point, they inquired of appellant as to the contents of her pockets. In response, appellant reached into her left jacket pocket and removed one capsule and one wooden pipe. Subsequent examination established that the capsule contained a dangerous drug (within the meaning of the Act in question), which possession formed the basis of this prosecution.

In the opinion of the court, uncontradicted either in the briefs or at oral argument, the learned trial judge stated:

"On September 10, 1971, a Mifflin County jury convicted Leslie Liza Price of unlawful possession of a dangerous drug, with a recommendation of leniency. Immediately thereafter, counsel for defendant requested the Court to impose sentence and stated in open Court that if the sentence consisted of only a fine and costs, he would see that a check was mailed from his office within the week to cover same. As a matter of form, counsel for defendant moved for a new trial with the understanding that the Court would immediately deny same and impose sentence. Accordingly, said motion was denied and a sentence of Five Hundred ($500.- 00) Dollars fine and costs was imposed, to be paid within ten (10) days. Instead of paying the fine and costs as indicated, counsel for defendant filed an appeal. Since there had been no argument on defendant's motion for a new trial, the Court was unable to write an opinion. Counsel for defendant has not provided us with a copy of his brief or statement of the questions involved. We have borrowed same from the attorney for the Commonwealth and this opinion is written pursuant to Superior Court Rule 46."

This assertion forces us to conclude that the filing of post-trial motions under these circumstances was illusory and that in fact there was a waiver of the post-trial motions. We have had occasion to stress the necessity of the post-trial proceedings in the appellate process. *Com-*

*monwealth v. Jones,* 460 Pa. 713, 334 A.2d 601 (1975); *Commonwealth v. Reid,* 458 Pa. 357, 326 A.2d 267 (1974); *Commonwealth v. Goodman,* 454 Pa. 358, 311 A.2d 652 (1973); *Commonwealth v. Agie,* 449 Pa. 187, 296 A.2d 741 (1972). We therefore will not condone a procedure which, in effect, bypasses that stage of the post-trial review process.

Further, we cannot accept the view that the defect was cured simply because the learned trial judge, in a conscientious effort to comply with court rules, attempted to write an opinion. As a result of the aborted procedure, the trial judge was cast in a role as an advocate forced to justify a decision that was, at that point, a fait accompli. Such a situation frustrates the purpose of post-trial motions which are designed to afford the trial court the opportunity for a reflective judgment as to rulings made during the "heat" of the trial.

Judgment of sentence affirmed.

ROBERTS, J., took no part in the consideration or decision of this case.

MANDERINO, J., filed a dissenting opinion.

MANDERINO, Justice (dissenting).

I dissent. The majority opinion asserts that the filing of post-verdict motions in the instant case was illusory and therefore this Court is unable to pass on the merits of the issues raised. I believe that the case should be remanded for filing of "proper" post-verdict motions. We should not presume from a silent record that post-verdict motions have been validly waived.