346 A.2d 1

COMMONWEALTH of Pennsylvania

v.

Gregory TATE, Appellant.

Supreme Court of Pennsylvania.

Argued Nov. 25, 1974.

Decided Oct. 3, 1975.

26

A. Martin Herring, Teitelman & Herring, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Richard A. Sprague, 1st Asst. Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Division, Philadelphia, Paul J. Sullivan, Asst. Dist. Atty., Abraham J. Gafni, Deputy Dist. Atty. for Law, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

On January 17, 1974, appellant, Gregory Tate, accepted an offer for a negotiated plea to murder in the second degree. The sentence agreed to was seven to twenty years imprisonment. Believing the case to be one of murder in the first degree, Judge Theodore B. Smith refused to accept the plea. The case was returned to the calendar judge who assigned the case to Judge Joseph L. McGlynn for trial the following day. At trial, appellant waived a jury trial and the prosecutor certified that the murder charge rose no higher than murder in the second degree. Defense counsel then agreed to stipulate to virtually all of the prosecution's evidence. Appellant was found guilty of murder in the second degree and sentenced to a term of seven to twenty years imprisonment. Assisted by new counsel, appellant now brings this direct appeal.

■ Appellant contends that since the defense stipulated to the prosecution's evidence his trial was, in reality, a guilty plea hearing. Such being the case, appellant argues that the judgment of sentence should be reversed and a new trial awarded because there was no on the record demonstration that his decision to plead guilty was voluntarily and knowingly made. *Commonwealth v. Davis*, 457 Pa. 194, 322 A.2d 103 (1974), considered the issue presented here. In *Davis*, the defense stipulated to

evidence which placed the defendant at the scene of the crime and named him as a participant. We said that this was, in fact, a stipulation of guilt which should have been surrounded by safeguards similar to those attending the entry of a guilty plea. *See* Pa.Rules of Crim.Procedure 319(a). The record must establish that a defendant's decision to stipulate to facts amounting to a guilty plea was knowing and understanding.

■■ Whether or not the principles enunciated in *Davis* are applicable to this case is an issue which we do not reach because it was not raised in the trial court. *See Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974). Following his judgment of sentence appellant did not file post-verdict motions. Such motions should have been filed and decided prior to this appeal. *Commonwealth v. Williams*, 459 Pa. 589, 330 A.2d 854 (1975).

■ On the record before us, however, we are unable to determine whether or not the appellant voluntarily, knowingly, and intelligently, waived his right to file post-verdict motions. The record is silent concerning the reason for defense counsel's failure to file post-verdict motions prior to filing a direct appeal in this Court. We will not presume a waiver from a silent record. *See United States ex rel. Bolognese v. Brierley*, 412 F.2d 193 (3 Cir. 1969), cert. den. 397 U.S. 942, 90 S.Ct. 956, 25 L. Ed.2d 123, *Commonwealth v. Coleman*, 458 Pa. 324, 327 A.2d 77 (1974), and *Commonwealth v. Wilson*, 430 Pa. 1, 241 A.2d 760 (1968).

We therefore vacate the judgment of sentence and remand for a determination, following an evidentiary hearing if necessary, of whether appellant's waiver of his right to file post-verdict motions was voluntary, knowing, and intelligent. If there was no such waiver, the appellant shall be granted an opportunity to file post-verdict motions. If such a waiver is found, the judgment of

sentence shall be reinstated. Following disposition by the trial court, either side shall be entitled to file a new appeal.

JONES, C. J., dissents.