365 A.2d 865

**COMMONWEALTH of Pennsylvania**

v.

**George STEFFISH, Appellant.**

Superior Court of Pennsylvania.

Argued April 13, 1976.

Decided Nov. 22, 1976.

Ruth F. Cooper, Russellton, for appellant.

Robert F. Hawk, Asst. Dist. Atty., Butler, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge.

On June 20, 1975, appellant George Steffish was found guilty by a magistrate of the summary offense of Defiant Trespass.[1] Appellant appealed the case to the Court of Common Pleas of Butler County, where, on November 10, 1975, the case was heard de novo.[2]

The testimony at trial established that appellant's property shared a boundary with the property of the complainant. Appellant used the land near the boundary to store old machinery, junked automobiles, and the remains of a pig pen. Appellant testified that he had so used the property for twenty-four years. The complainant testified that the property could not have been used by appellant for more than eleven years.

In April, 1975, the complainant had the property surveyed, and, as a result, promptly filed a complaint against appellant. Appellant also had the property surveyed and admitted that he had indeed been using approximately sixty feet of the complainant's land. He testified that he believed that he was entitled to use the land because he had acquired title by adverse possession.

At the conclusion of the testimony, the lower court found appellant guilty of Defiant Trespass and imposed a sentence of ninety days imprisonment. The court suspended the term of incarceration conditioned upon appellant's cleaning of the area within thirty days.

1. 18 Pa.C.S. § 3503(b).
2. *See* Pa.R.Crim.P. 67(e).

■ On this appeal, appellant challenges the sufficiency of the evidence to convict him.[3] Unfortunately, there is no indication in the record that appellant filed post-trial motions, as mandated by Pa.R.Crim.P. 1123. It is well established that issues not raised in post-trial motions are waived for purposes of appeal. *Commonwealth v. Bronaugh*, 459 Pa. 634, 331 A.2d 171 (1975). "However, before the failure to file post-trial motions can be regarded as a waiver, 'the record must affirmatively demonstrate that the appellant was aware of his right to file post-trial motions, and that he knowingly and intelligently decided not to do so.' *Commonwealth v. Schroth*, 458 Pa. 233, 235, 328 A.2d 168, 169 (1975)." *Commonwealth v. Doman*, 237 Pa.Super. 415, 417–18, 352 A.2d 157, 159 (1975).

■ In this case, the record does not indicate that the lower court informed appellant of his right to file post-trial motions, of the consequences of his failure to do so, and of his right to counsel on appeal, as required by Pa. R.Crim.P. 1123(c). We reiterate that the lower court's only actions were to find appellant guilty and to impose sentence. This was error. Therefore, we must remand this case to permit appellant to file post-trial motions nunc pro tunc. *See Commonwealth v. Ash*, 466 Pa. 471, 353 A.2d 450 (1976); *Commonwealth v. Doman, supra.*

The judgment of sentence of the lower court is vacated and the case is remanded to permit the filing of post-trial motions.

---

**3.** Appellant also challenges the legality of his sentence. In view of the disposition we reach in this case, we need not consider that issue.