375 A.2d 102

**COMMONWEALTH of Pennsylvania**

v.

**William BROWN, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1976.

Decided June 29, 1977.

Donald G. Joel, Philadelphia, for appellant.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant, found guilty on three counts of robbery, and on one count of rape and conspiracy, raises eleven allegations of error in his brief before this Court. However, appellant filed only boiler plate post-trial motions. A review of the colloquy after the verdict was returned indicates that the lower court did not inform appellant of the necessity of filing specific motions in order to preserve his claims for our review. Rule 1123(c), Pa.R.Crim.P., 19 P.S.Appendix. Therefore, we must remand for filing of those motions *nunc pro tunc. Commonwealth v. Miller,* 469 Pa. 370, 366 A.2d 220 (1976).[1]

Appellant was arrested on March 16, 1975, and indicted by the Philadelphia County March, 1975 Grand Jury. Trial commenced before a jury on December 29, 1975. After the lower court granted appellant's demurrer to the charge of burglary the jury found appellant guilty of the remaining charges.[2] At the close of trial, the following discussion occurred between counsel for appellant and his co-defendants and the lower court:

"[Counsel for co-defendant Jenkins]: Well, your Honor, I am suggesting we have a conversation relative to sentencing, which would make a determination as to any future motions, your Honor.

"THE COURT: I think it would be improper at this time.

"Do you have any other motions?

"[Counsel for Jenkins]: Then we would like time to file motions for arrest of judgment.

1. Appellant did raise sufficiency of the evidence in his post-trial motions. However, we do not reach that claim at this time in order to avoid piecemeal review of this appeal.

2. Subsequently, a charge of possession of an instrument of crime was nolle prossed.

"THE COURT: Motions for a new trial and motions in arrest of judgment?

"[Counsel for Jenkins]: Yes, sir.

"THE COURT: How much bail is he under?

"[Counsel for Jenkins]: $10,000. He has not made bail and he has been in jail since date of arrest, January 28, 1975. He is on this case only for failure to make bail. He has been in jail exactly eleven months and two days. I suggest to the Court— . . . .

"[Assistant District Attorney]: Your Honor, Commonwealth would ask that—

"THE COURT: May I see you at side bar?

"[Counsel for appellant]: I am going to make the same motion.

"[Counsel for Jenkins]: He was found not guilty of the rape charge.

"THE COURT: I know. I was here.

"(Off the record discussion between Court and counsel.)

"[Counsel for appellant]: On behalf of William Brown, he has been incarcerated since March 26, 1975, at Holmesburg, and his bail at present is $50,000. He has no prior record, and there is no indication, if your Honor pleases, that if Your Honor would consider reduction of bail, that Mr. Brown would not appear on any subsequent hearings in this particular matter, so I am making that request before the Court at this time, if your Honor pleases.

"THE COURT: You also move for motions for a new trial?

"[Counsel for appellant]: I will file motions; I will file oral motions now for a new trial and motions in arrest of judgment."

Thereafter, counsel filed post-trial motions in which he raised only the following grounds for a new trial and/or arrest of judgment:

"1. The verdict is contrary to the evidence.

"2. The verdict is contrary to the weight of evidence.

"3. The verdict is contrary to law."

Although counsel preserved the right to file additional post-trial motions, he never did so. Instead, he merely argued additional grounds when the lower court heard oral argument on the original motions. The lower court denied the motions and subsequently sentenced appellant to concurrent terms of four to fifteen years' imprisonment on each indictment of robbery, and to a consecutive term of one and one-half to five years for rape. This appeal followed.

■ Appellant did not make specific oral post-verdict motions on the record at the conclusion of trial pursuant to Rule 1123(b). Instead, appellant's counsel attempted to comply with Rule 1123(a) by filing written post-trial motions. However, in a now frequently cited footnote,[3] the Supreme Court condemned the practice of filing only boiler plate motions and indicated that only issues specifically raised in post-trial motions would be considered on appeal. *Commonwealth v. Blair,* 460 Pa. 31, 33, n. 1, 331 A.2d 213, 214, n. 1 (1975).[4] While the Supreme Court has considered substantive issues in cases in which "all of the relevant events occurred before *Blair* . . .," *Commonwealth v. Bailey,* 463 Pa. 354, 358, 344 A.2d 869, 871 (1975), the post-trial motions in the instant case post-dated *Blair.* Therefore, only those issues specifically raised in post-trial motions are properly preserved for our review. See *Commonwealth v. Hilton,* 461 Pa. 93, 334 A.2d 648 (1975).

At the same time, because failure to file proper motions prevents appellate review, our courts have held that we must test the waiver as if it were a waiver of the right to appeal. See *Commonwealth v. Miller,* 469 Pa. 370, 366 A.2d

3. See, e. g., *Commonwealth v. Spriggs,* 463 Pa. 375, 344 A.2d 880 (1975); *Commonwealth v. Bailey,* 463 Pa. 354, 344 A.2d 869 (1975); *Commonwealth v. Hilton,* 461 Pa. 93, 334 A.2d 648 (1975); *Commonwealth v. Jones,* 460 Pa. 713, 334 A.2d 601 (1975).

4. *Commonwealth v. Blair,* supra, interprets Rule 1123(a) to require specific written post-trial motions. By analogy, Rule 1123(b) requires that oral post-verdict motions made at the conclusion of trial on the record must be specific in nature.

220 (1976); *Commonwealth v. Williams,* 459 Pa. 589, 330 A.2d 854 (1975); *Commonwealth v. Schroth,* 458 Pa. 233, 328 A.2d 168 (1974). Thus, ". . . before the failure to file post-trial motions can be regarded as a waiver, 'the record must affirmatively demonstrate that the appellant was aware of his right to file post-trial motions, and that he knowingly and intelligently decided not to do so.' *Commonwealth v. Schroth,* 458 Pa. 233, 235, 328 A.2d 168, 169 (1974)." *Commonwealth v. Doman,* 237 Pa.Super. 415, 417–18, 352 A.2d 157, 159 (1975). See also, *Commonwealth v. Steffish,* 243 Pa.Super. 309, 365 A.2d 865 (1976). For example, in *Steffish,* after we found that no post-verdict motions had been filed, we engaged in a second inquiry: ". . . the record does not indicate that the lower court informed appellant of his right to file post-trial motions, of the consequences of his failure to do so, and of his right to counsel on appeal, as required by Pa.R.Crim.P. 1123(c)." 243 Pa.Super. at 311, 365 A.2d at 866. In that situation, we remanded to permit post-trial motions to be filed *nunc pro tunc.* Similarly, in *Commonwealth v. Miller,* supra, the Supreme Court remanded for proper post-trial motions because "[a] review of the record indicates that the appellant was not properly informed of the necessity of filing post-verdict motions before appealing to this Court." 469 Pa. at 373, 366 A.2d at 221.

 The instant case is squarely within the holding in *Miller* : the record indicates that the court failed to apprise the appellant of the need to file post-trial motions in order to preserve issues for appeal. Rule 1123(c). Failure to do so prevents a waiver of an accused's appellate rights if he fails to raise all claims properly in post-trial motions.

Therefore, we must remand for the filing of post-trial motions *nunc pro tunc.*[5]

5. Another line of cases in which our courts have held that failure to file post-trial motions constitutes a waiver unless an appellant specifically raises the issue that his waiver was involuntary: "Because the non-filing of post-verdict motions severely limits the issues a criminal defendant may raise on appeal, the decision to forego the filing of such motions is tantamount to a decision to forego taking an appeal.

It therefore must be an intelligent one, made with knowledge of the right to file such motions and of the consequences of failing to do so. See *Commonwealth v. Schroth,* 458 Pa. 233, 328 A.2d 168 (1974). The question whether a waiver of post-verdict motions was voluntary and intelligent will be considered by appellate courts if it was raised at the earliest opportunity on appeal; *otherwise, that question itself is waived.* See *Commonwealth v. Jones,* 460 Pa. 713, 334 A.2d 601 (1975)." *Commonwealth v. Carter,* 463 Pa. 310, 313 n. 4, 344 A.2d 846, 848, n. 4 (Emphasis supplied). See also, *Commonwealth v. Price,* 463 Pa. 171, 344 A.2d 479 (1975); *Commonwealth v. Bliss,* 239 Pa.Super. 347, 362 A.2d 365 (1976). That line of cases was decided under the rule prior to the 1973 amendment which makes mandatory an on-the-record advisement of procedural rights. The rule prior to June 8, 1973, provided only:

"(a) A motion for a new trial shall be filed within seven days after verdict, or within such additional time allowed by the court during the seven-day period.

"(b) A motion for a new trial shall be in writing, and the grounds shall be specified. All allegations of fact not of record shall be supported by affidavit. Leave to state additional specific grounds after the transcript is lodged must be sought within the period allowed pursuant to section (a) of this Rule or within such further time as the court may allow. Only the grounds so raised may be argued before the court.

"(c) A motion for a new trial on the ground of after-discovered evidence shall be filed promptly after such discovery, and not later than two years after final judgment, unless justice otherwise re-

quires. If an appeal is pending, the court may grant the motion only upon remand of the case."

The June 8, 1973 amendment indicates an intent to substitute a per se rule that warnings must be given for the traditional test of determining whether a defendant intelligently and knowingly waives his right to appeal by considering all the circumstances.