388 A.2d 340

**COMMONWEALTH of Pennsylvania**

v.

**Michael MARZIK, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1976.

Decided April 13, 1978.

Patrick J. Flannery, Assistant Public Defender, Wilkes-Barre, for appellant.

William J. Perrone, First Assistant District Attorney, Norristown, for the Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

The judgment of sentence is vacated and the case is remanded for further proceedings consistent with *Commonwealth v. McCusker*, 245 Pa.Super. 402, 369 A.2d 465 (1976) (Dissenting Opinion by Spaeth, J.), rev'd —— Pa. —— (No. 2850 Alloc.Dkt., Filed September 21, 1977).

SPAETH, J., files a concurring opinion in which JACOBS and HOFFMAN, JJ., join.

PRICE, J., files a dissenting opinion.

VAN der VOORT, J., dissents and would remand to the lower court for a determination of whether appellant knowingly and intelligently waived his right to file post trial motions. *Commonwealth v. Schroth*, 458 Pa. 233, 328 A.2d 168 (1974); *Commonwealth v. Tate*, 464 Pa. 25, 346 A.2d 1 (1975).

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

SPAETH, Judge, concurring:

I agree that this case must be remanded to the lower court for further proceedings consistent with the Supreme Court's *per curiam* order in *Commonwealth v. McCusker*, —— Pa. —— (No. 2850 Allocatur Docket, filed Sept. 21, 1977). However, I do not interpret that order as adopting the specific disposition recommended in my dissenting opin-

ion in *Commonwealth v. McCusker,* 245 Pa.Super. 402, 369 A.2d 465, 466 (1976) (WATKINS, P. J., joining).

In *McCusker* a majority of this court held that because appellant had failed to file in the lower court a petition to withdraw his plea of nolo contendere, as required by *Commonwealth v. Roberts,* 237 Pa.Super. 336, 352 A.2d 140 (1975), he had waived his right to attack the validity of his plea on appeal. Appellant's judgment of sentence was therefore affirmed. In my dissenting opinion I argued that we should have remanded with leave to appellant to file a petition to withdraw his plea.

On appellant's petition for allocatur, the Supreme Court on September 21, 1977, entered the following *per curiam* order:

The record in the instant case reveals that appellant, Daniel J. McCusker, was not informed of his right to file post-verdict motions following the acceptance of his plea of nolo-contendere.

Therefore, judgment of sentence is vacated and the case is remanded for the filing of post-verdict motions *nunc pro tunc.* See Pa.R.Crim.P. 1123(a), (b) and (c); *Commonwealth v. Tate,* 464 Pa. 25, 346 A.2d 1 (1975). Following disposition of said motions by the special court, either side shall be entitled to file a new appeal.[1]

---

1. The reference in this order to Rule 1123 should be remarked upon. In argument to this court, appellant did not raise the lower court's failure to inform him of his right to file post-verdict motions. Pa.R. Crim.P. 1123. Although appellant did raise this failure in his brief to the Supreme Court, issues not raised at the earliest opportunity are usually waived. *See Commonwealth v. Carter,* 463 Pa. 310, 313 n. 4, 344 A.2d 846, 848 n. 4 (1975), citing *Commonwealth v. Jones,* 460 Pa. 713, 334 A.2d 601 (1975). The Supreme Court's consideration and reliance on this issue, however, is consistent with this court's position that where a review of the record shows that the lower court did not comply with Rule 1123, the case must be remanded with leave to appellant to file post-verdict motions *nunc pro tunc. Commonwealth v. Brown,* 248 Pa.Super. 289, 375 A.2d 102 (1977). Where the lower court fails to give the warnings required by Rule 1123, the defendant's appellate rights cannot be deemed waived. Thus, contrary to Judge PRICE's dissenting opinion, appellant's failure here to "assert[ ] that the lower court failed to comply with Pa.R.Crim.P.

It is clear that this order reverses the holding by the majority of this court that the appellant in *McCusker* had waived his right to challenge the validity of his plea. It is also clear that the order does not adopt the specific disposition recommended in my dissent—that the case be remanded with leave to the appellant to file a petition to withdraw his plea—although the net result of the order and of the disposition recommended in my dissent are identical in that the appellant was afforded the opportunity to challenge the validity of his plea.

I admit that I am uncertain about the rationale of the Supreme Court's order in *McCusker*. Rule 1123 is concerned not with guilty pleas but with the procedure to be followed after adjudications of guilt. Further, in *Commonwealth v. Tate, supra*, which is also cited by the Court as authority for its order, the Court remanded for an evidentiary hearing to determine whether the appellant's failure to file post-verdict motions had been voluntary and intelligent. However, it is not necessary for us to resolve this uncertainty; it is necessary for us to clarify what should happen when, as here, a case is remanded in light of the Supreme Court's order in *McCusker*.

Rules 1405(c) and 321 of the Pennsylvania Rules of Criminal Procedure have established a procedure for filing post-plea motions, which parallels the procedure under Rule 1123 for filing post-verdict motions.[2] Rule 1405(c) provides:

[W]hen sentence is imposed pursuant to a plea of guilty, [the judge shall] advise the defendant on the record: (1) of the right to file a motion challenging the validity of the plea, the denial of a motion to withdraw a plea or the legality of the sentence imposed pursuant to such plea; (2) of the ten (10) day time limit within which the motion must be filed;

1123", Dissenting opinion at 294, does not preclude our consideration of this issue.

**2.** The Explanatory Note to Rule 321 begins:
This rule parallels the procedure under Rule 1123, relating to post verdict motions following trials.

(3) that the defendant is entitled to be represented by counsel in preparing and litigating the motion; and (4) that only the grounds contained in the motion may be raised on appeal unless such grounds did not exist during the time for filing the motion.

Amended June 29, 1977, effective September 1, 1977. Rule 321 provides:

(a) A motion challenging the validity of a guilty plea, the legality of a sentence on a guilty plea or the denial of a motion to withdraw a guilty plea shall be in writing and shall be filed with the trial court within ten (10) days after imposition of sentence.

(b) The motion shall be disposed of promptly.

(c) The trial court may schedule a hearing on the motion

. . .

Added June 29, 1977, effective September 1, 1977.

Therefore, on remand here the lower court should advise appellant as instructed in Rule 1405(c). Likewise appellant should follow the procedure set forth in Rule 321.[3]

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

JACOBS, President Judge, and HOFFMAN, J., join in this opinion.

**3.** The trial bench and bar should be alert to the fact that the procedure established by Rules 1405(c) and 321 differs in two substantial ways from the procedure that was required by *Commonwealth v. Roberts, supra.* In *Roberts* we held that we would not hear a challenge to the validity of a guilty plea unless the appellant had filed in the lower court a petition to withdraw the plea. That is, if a defendant wished to challenge the validity of his guilty plea on his appeal to us, he had to do one thing, but only one thing: file with the lower court, before his appeal to us, a petition to withdraw the plea. Now it is more complex. A defendant may still, before sentencing, file a motion [petition] to withdraw his plea. If the motion is denied, however, and sentence imposed, the defendant must *also* file a motion challenging the denial of his earlier motion assigning his grounds. Rule 1405(c)(1) and (4). Furthermore, this motion must be filed within 10 days after sentencing. Rule 321(a). Finally, if a defendant did not file a motion to withdraw his plea before sentencing, he may nevertheless challenge the validity of his plea, so long as he does it within 10 days. Rule 321(a).

PRICE, Judge, dissenting:

I dissent on two grounds. I do not read the supreme court's per curiam order of September 21, 1977, as adopting Judge Spaeth's dissenting opinion in *Commonwealth v. McCusker*, 245 Pa.Super. 402, 369 A.2d 465 (1976). In support of this conclusion, I would point out that, while Judge Spaeth would have remanded to the lower court with leave for the appellant to file a petition to withdraw his guilty plea, the supreme court remanded for the filing of post-verdict motions *nunc pro tunc*. These are not identical dispositions, and, I suggest, if the supreme court had intended to adopt Judge Spaeth's position, it could have easily expressed that intention.

Second, the sole issue presented by this appellant is a challenge to his guilty plea. He did not address the failure to preserve this issue in post-verdict motions, or claim that his failure to do so was involuntary. There is no assertion that the lower court failed to comply with Pa.R.Crim.P. 1123. Under these circumstances, I consider it improper for this court to reach the Rule 1123 issue sua sponte and to remand to the lower court on that ground. *See Commonwealth v. Leaman*, 255 Pa.Super. 481, 388 A.2d 330 (1978) (dissenting opinion by Price, J.). Appellant has not raised the issue of the voluntariness of his failure to preserve his claim at the earliest opportunity on appeal. I would therefore hold that issue waived, *Commonwealth v. Carter*, 463 Pa. 310, 344 A.2d 846 (1975), and affirm the judgment of sentence.