393 A.2d 1021

**COMMONWEALTH of Pennsylvania**

v.

**Willis HEEMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 12, 1977.

Decided Nov. 3, 1978.

---

2.  The Act of July 31, 1970, P.L. 673, No. 223, Art. V, § 502(a) [17 P.S. § 211.502(a)].  *See also,* Pa.R.A.P. 903(a).

80

Bruce S. Miller, Assistant Public Defender, Hazleton, for appellant.

Patrick J. Toole, Jr., District Attorney, Wilkes-Barre, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

Appellant pleaded guilty to charges of corruption of a minor [1] and criminal conspiracy [2] on December 2, 1976. Following sentencing, appellant filed a direct appeal to this court challenging the voluntariness of his plea and the adequacy of the colloquy.

1. 18 Pa.C.S. § 3125.

2. 18 Pa.C.S. § 903.

Appellant entered his guilty plea well after our decision in *Commonwealth v. Roberts*, 237 Pa.Super. 336, 352 A.2d 140 (1975). Appellant failed, however, to comport with the *Roberts* mandate that prior to attacking a guilty plea on appeal, one must petition the lower court for permission to withdraw the plea. Appellant has asserted no valid explanation for his failure to comply with *Roberts*; the issue of the plea's validity is thus waived. *Commonwealth v. George Allen Hughes*, 257 Pa.Super. 258, 390 A.2d 811 (1978).[3]

Judgment of sentence affirmed.

SPAETH, J., files a dissenting opinion in which CERCONE, J., joins.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

SPAETH, Judge, dissenting:

In *Commonwealth v. McCusker*, 245 Pa.Super. 402, 369 A.2d 465 (1976), a majority of this court held that if a defendant fails to file in the lower court a petition to withdraw his plea, as required by *Commonwealth v. Roberts*, 237 Pa. 336, 352 A.2d 140 (1975), he waives his right to attack the validity of his plea on appeal. Here, the majority opinion reiterates that statement.

The reiteration is unprincipled, for two reasons. The first reason is that on petition for allocatur the Supreme Court reversed the holding of this court in *McCusker*. *Commonwealth v. McCusker*, 485 Pa. 313, 402 A.2d 500 (1977). The second reason is that we have recognized, and have followed (as, of course, we must), the Supreme Court's decision in *McCusker*. *Commonwealth v. Marzik*, 255 Pa.Super. 500, 388 A.2d 340 (1978). *See also Commonwealth v. Curry*, 254 Pa.Super. 444, 386 A.2d 32 (1978). *But see Commonwealth v. Hughes*, 257 Pa.Super. 258, 390 A.2d 811 (1978). (It is an

3. The dissent notes surprise at our failure to cite other cases. The failure is intentional, as admittedly there is uncertainty and conflict reflected by the cases in this area. The cited case above is the latest holding by this court on the subject.

occasion for some surprise that in its opinion here the majority does not cite either *McCusker* or *Marzik.*)

The judgment of sentence should be vacated and the case remanded for further proceedings consistent with the decisions of the Supreme Court in *Commonwealth v. McCusker, supra,* and of this court in *Commonwealth v. Marzik, supra,* and *Commonwealth v. Curry, supra.*

CERCONE, J., joins in this dissenting opinion.