433 A.2d 477

**COMMONWEALTH of Pennsylvania**

v.

**Willis HEEMAN, Appellant.**

Supreme Court of Pennsylvania.

Submitted April 27, 1981.

Decided Aug. 18, 1981.

278

Ronald J. Wydo, Wilkes-Barre, for appellant.

Joseph P. Giovannini, Jr., Asst. Dist. Atty., for appellee.

## OPINION OF THE COURT

ROBERTS, Justice.

On December 2, 1976, the Court of Common Pleas of Luzerne County found appellant Willis Heeman guilty of charges of criminal solicitation and corruption of a minor, following a guilty plea proceeding at which appellant was represented by privately retained counsel. Appellant was subsequently sentenced to concurrent terms of imprisonment of five to ten years on the former charge and two and one-half to five years on the latter.

With the assistance of new, appointed counsel, appellant took an appeal to the Superior Court, claiming that his plea of guilty had not been entered voluntarily and that no colloquy had preceded it. Relying on *Commonwealth v. Roberts*, 237 Pa.Super. 336, 352 A.2d 140 (1975), and *Commonwealth v. Hughes*, 257 Pa.Super. 258, 390 A.2d 811 (1978), a majority of the Superior Court held that appellant had waived his claims because he had failed to file a petition with the trial court for permission to withdraw his plea and had "asserted no valid explanation" for his failure to do so. *Commonwealth v. Heeman*, 260 Pa.Super. 79, 81, 393 A.2d 1021, 1021 (1978).

Judge Spaeth dissented, joined by Judge Cercone.[1] The dissent pointed out that this Court had previously reversed a similar determination of waiver by the Superior Court in *Commonwealth v. McCusker*, 245 Pa.Super. 402, 369 A.2d 465 (1976), rev'd, 485 Pa. 313, 402 A.2d 500 (1977), and that the Superior Court was bound to follow—and in other cases had indeed followed—this Court's holding in *McCusker*. See *Commonwealth v. Marzik*, 255 Pa.Super. 500, 388 A.2d 340 (1978); *Commonwealth v. Curry*, 254 Pa.Super. 444, 386 A.2d 32 (1978). But see *Commonwealth v. Hughes*, supra. We granted allowance of appeal.

1. Watkins, former P. J., and Hoffman, J., did not participate in the consideration or decision of this case.

In *McCusker* this Court held that where the record reveals that an appellant was not informed of his right to file post-verdict motions following the acceptance of his plea of nolo contendere, a challenge to the plea is not waived by appellant's failure to file such motions. We determined that the proper remedy is vacation of the judgment of sentence and remand of the record to permit the filing of post-verdict motions as if timely filed. Accord, *Commonwealth v. Brandon*, 485 Pa. 215, 401 A.2d 735 (1979).

As this Court observed in *Commonwealth v. Cathey*, 477 Pa. 446, 449–50, 384 A.2d 589, 590 (1978):

"The right to appeal is a personal right which a defendant may relinquish only through a knowing, intelligent and voluntary waiver. *Fay v. Noia*, 372 U.S. 371, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); *Commonwealth v. Jones*, 447 Pa. 228, 286 A.2d 892 (1971); *Commonwealth ex rel. Robinson v. Myers*, 427 Pa. 104, 107, 233 A.2d 220, 221–22 (1967); ABA Project on Standards Relating to Criminal Appeals § 2.2(b) (Approved Draft, 1970). To assure that any waiver of this right is knowing and intelligent, this Court has promulgated Pa.R.Crim.P. 1123(c) and 1405(b), which ensure that defendants are informed not only that they have a right to appeal, but also that any issue they wish to raise on appeal must be raised first in post-verdict motions. Thus these rules ensure that defendants are informed of how to exercise their right to appeal effectively."

Here, nothing in the record indicates that appellant was ever informed of his right to file post-guilty-plea motions or of the consequences of failing to do so. Rather, appellant was told only that he had a right to appeal within thirty days, a right which he timely exercised. Thus, appellant is clearly entitled to the same relief which this Court afforded to appellants McCusker and Brandon and which the Superior Court has afforded to the appellants in *Commonwealth v. Curry*, supra, *Commonwealth v. Marzik*, supra, *Commonwealth v. Johnson*, 258 Pa.Super. 214, 392 A.2d 760 (1978),

and *Commonwealth v. Phillips,* 264 Pa.Super. 174, 399 A.2d 723 (1979).[2]

Accordingly, the judgment of sentence is vacated and the record remanded to permit appellant to file a motion to withdraw his guilty plea as if timely filed.[3]

FLAHERTY, J., files a concurring opinion, joined by LARSEN and KAUFFMAN, JJ.

FLAHERTY, Justice, concurring.

On December 2, 1976, appellant, Willis Heeman, was sentenced upon a purported "plea of guilty" to the charges of criminal solicitation to commit deviate sexual intercourse and corruption of minors. He was sentenced to two and one-half to five years on the charge of corrupting a minor and five to ten years on the charge of criminal solicitation to commit deviate sexual intercourse.

Appellant took an appeal to the Superior Court challenging the voluntariness of his "plea" and the adequacy of the colloquy. Relying on *Commonwealth v. Roberts,* 237 Pa.Super. 336, 352 A.2d 140 (1975), Superior Court held appellant's claims waived due to his failure to file a petition to withdraw his "guilty plea" and his failure to assert a valid explanation for not having done so. Judge Spaeth, joined by now President Judge Cercone, dissented, apparently on the theory that the proper disposition would be remand with leave to file a motion to withdraw the plea as though timely filed. *Commonwealth v. Heeman,* 260 Pa.Super. 79, 393 A.2d 1021 (1978). We granted allocatur.

A thorough review of the record in this case reveals that appellant never entered a guilty plea *at all,* much less one that was knowing and voluntary. Thus, the view of Mr.

**2.** To the extent that the Superior Court's decision in *Commonwealth v. Hughes,* supra, is inconsistent with the above cases, it is expressly disapproved.

**3.** The record reflects the entry of a plea of guilty. The Concurring Opinion suggests that such a plea was not entered. This, of course, is one of the issues for the consideration of the trial court on remand.

Justice Roberts leads to the incongruous result that appellant is permitted to file a motion to withdraw a plea when *in fact no plea exists to be withdrawn.*

The record contains the following discussion between the court and counsel:

[Defense Counsel]: If the court please, at this time we are going to change our plea to guilty. . . .[1]

. . . .

BY THE COURT: May I first see the information on it. In both these charges, Mr. Heeman, you are charged with on September 13th, 1976, with encouraging [the victim], age 13, in both instances with encouraging him to commit involuntary sexual deviate intercourse, and you were charged with corruption of a minor and criminal solicitation. Is there any doubt that these are the charges to

1. At this point, the following discussion occurred, regarding appellant's need for psychiatric evaluation and treatment.

Mr. Heeman has been incarcerated in jail before, placed on parole and I guess he got out in August and since then he has been picked up several times for the same charge. The police have been very helpful because they know what his problem is. At this time he was picked up he was brought here at everyone's request, including his own.

Mr. Heeman was psychiatrically evaluated on April the 30th by Dr. Rick of the Mental Health Office and his impression was that he had personality disorder and addicted to alcoholism.

At that time Mr. Heeman had asked for help. For some reason there was a mix-up in communication. He was put in jail. He never did get any help. The doctor suggested at the time that he be placed in one of two places here in Luzerne County. Although he did ask for it he just didn't get it because there was some mix-up.

What we are going to ask for today is that the Court direct that he be placed into an area where he can get a complete psychiatric evaluation with a follow-up program to help him. Otherwise he will be in jail forever. We all want to help Mr. Heeman, he wants this kind of help. I have discussed it with him, Mr. Thomas has represented him before from the Public Defenders' Office, he has also discussed it with him. Miss Whalen spoke with him this morning. She also spoke with him in jail. He doesn't remember speaking to her in jail. She'll be glad to do whatever follow-up program is necessary when we get the federal money to help him. Whatever offices this Court can use to help Mr. Heeman we would certainly appreciate it. I know he would. We might as well have sent him to jail forever.

which you want to plead guilty today, do you understand those charges?

[Defense Counsel]: Your Honor, I don't know if he fully understands because he has no education at all, psychiatric evaluation which is the report that Mr. Thomas has. I don't know if Mr. Heeman understands completely and fully what these charges really are. When he gets drunk, unfortunately he doesn't remember that he even did these things.

BY THE COURT: We are going to approach it a different way. Before I accept a guilty plea, what I will do with as much tact as I possibly can, we will establish what offense was committed here and then the Court will make a determination of guilt and make some decision as to what we are going to do with Mr. Heeman that would be in everybody's best interest. First of all, would you swear all the witnesses, please.

The court then proceeded to establish a factual basis for a plea. At no time during the proceeding did appellant articulate an intention to plead guilty or indicate any understanding of the proceeding or its consequences. The record does not show that appellant in any way even attempted to communicate with the court. *In fact, appellant never spoke* !

A voluntary plea of guilty to a criminal charge operates as a waiver of all the constitutional, statutory and judicially created safeguards afforded a defendant at trial. *Commonwealth ex rel. West v. Myers*, 423 Pa. 1, 222 A.2d 918 (1966). Out of just consideration for persons accused of crime, courts must determine and ensure that pleas of guilty are entered knowingly and with an understanding of the consequences.

A careful review of the record reveals that appellant *did not, in fact, enter a plea*, and, to the contrary, the record indicates that appellant lacked any understanding of the proceedings and their consequences. In short, appellant has been sentenced to a term of incarceration where he has been convicted neither by jury, judge, nor by his own admission of

284

guilt. Not even the minimal requirements of due process have been met, and, on this record, appellant's right to review of his claims has not been waived.[2]

I would, therefore, go further than the majority and reverse the judgment of sentence and grant a new trial.

LARSEN and KAUFFMAN, JJ., concur.

2. The record indicates that appellant was not advised at the colloquy or at sentencing of his right to file a motion to withdraw his plea. Since we hold that there was neither a colloquy, *nor a plea entered by appellant himself*, there is no need to address the Commonwealth's contention that the right to challenge the adequacy of a plea has been waived by not filing a motion for withdrawal of a plea.