J-S31035-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAEQUAN WILLIAMS-COOPER | : | |
| | : | |
| Appellant | : | No. 733 EDA 2023 |

Appeal from the PCRA Order Entered February 17, 2023
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0000231-2018

BEFORE: OLSON, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED DECEMBER 7, 2023**

Raequan Williams-Cooper appeals *pro se* from the order dismissing as untimely his second Post Conviction Relief Act ("PCRA") petition. *See* 42 Pa.C.S.A. §§ 9541-9546. We affirm.

Williams-Cooper pleaded guilty to multiple charges arising from the sexual assault of his two minor sisters.[1] The court sentenced him in August 2018 to six to 15 years imprisonment. Williams-Cooper filed a timely motion for post-sentence relief, asking the court to hear the testimony of his mother, who had been unable to attend the sentencing hearing. On September 19,

_____

[1] Williams-Cooper pleaded guilty to two counts of involuntary deviate sexual intercourse with a child and one count each of corruption of minors, indecent assault of a person less than 13 years of age, sexual abuse of children, and indecent assault without consent. *See* 18 Pa.C.S.A. §§ 3123(b), 6301(a)(1)(ii), 3126(a)(7), 6312(b)(2), and 3126(a)(1), respectively.

2018, after a hearing at which Williams-Cooper's mother testified, the court denied the motion. Williams-Cooper did not file a direct appeal.

Roughly three months later, in November 2018, Williams-Cooper filed his first PCRA petition. The court appointed counsel, who filed a no-merit letter. **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). The no-merit letter discussed Williams-Cooper's claim that his guilty plea had not been entered knowingly, intelligently, and voluntarily, and found the transcript of the plea hearing and the written plea colloquy disproved this claim. The letter also discussed Williams-Cooper's claim that his trial counsel had been ineffective for failing to honor his pre-sentence request to withdraw his guilty plea and found that Williams-Cooper could not establish he was prejudiced by counsel's inaction. The letter explained that even assuming Williams-Cooper had requested counsel move to withdraw his plea, a withdrawal motion would not have been successful, as Williams-Cooper made only a bald claim of innocence with no explanation for his lengthy confession to the police. The court denied the petition in December 2019, following a video hearing. Williams-Cooper did not appeal.

A few years later, on June 15, 2022, Williams-Cooper filed the instant PCRA petition. The petition alleged that both the trial court and counsel had failed to inform him, at either the time of his guilty plea or sentencing, of his right to file a motion to withdraw his guilty plea and the consequences of failing to do so. **See** PCRA Petition, filed 6/15/22, at 10. He asserted his

petition was timely due to governmental interference and because "[a]t the time [he] was not [aware] that [he] had the right to file a motion to withdraw [his] guilty plea." *Id.* at 3. He claimed he came to know the relevant facts by "[r]eading case law and being helped at the Law library here at S.C.I. Waymart." *Id.* at 4.

The court dismissed the petition.[2] It found the petition untimely as it was not filed within a year of the date Williams-Cooper's judgment of sentence had become final — October 19, 2018 — and did not assert any exception to the one-year requirement. *See* PCRA Court Opinion, filed May 8, 2023, at 3-4. The court also concluded the petition failed on its merits, because the court had informed Williams-Cooper at his sentencing hearing of his right to file post-sentence motions. *Id.* at 6 (citing N.T., Sentencing, 8/20/18, at 32-34). It further found that Williams-Cooper could not prove he was prejudiced by any alleged failure to inform him of his right to move to withdraw his guilty plea, because he had entered the plea knowingly, intelligently, and voluntarily, and there was therefore no basis on which a motion to withdraw the plea would have been successful. *Id.* at 6-7 (citing N.T., Guilty Plea, 5/11/18, at 5-9).

Williams-Cooper appealed. He states his issues as follows:

1. Because the Rule of Criminal Procedure (Pa.R.Crim.P. 704), provides that a defendant be inform[ed] of his rights to file post-

---

[2] The court did not issue an order stating its intent to dismiss the petition without a hearing, violating Pa.R.Crim.P. 907(1).

guilty plea motions[, t]he Court errored when not informing [Williams-Cooper] of his right to file post-guilty plea motions.

2. Because the right to file a post-guilty plea motions is a personal right which a defendant may relinquish only through a knowing, intelligent and voluntary waiver[, t]he Court errored in denying [Williams-Cooper]'s PCRA petition without first, considering whether [Williams-Cooper] made a knowing, intelligent and voluntary waiver of his right file a post-guilty plea motions.

3. Because the right to appeal is a personal right which a defendant may relinquish only through a knowing, intelligent and voluntary waiver[, t]he Court errored in denying [Williams-Cooper's] PCRA petition without first, considering whether [Williams-Cooper] made a knowing, intelligent and voluntary waiver of his right to appeal.

Williams-Cooper's Br. at 4.

Williams-Cooper argues that although the court advised him of his right to file a post-sentence motion within 10 days of his sentencing hearing, this was insufficient to apprise him specifically of his right to move to withdraw his plea and warn him that he had only 10 days to do so. *Id.* at 9-10; *see also id.* at 13-14 ("While [Williams-Cooper] had knowledge of the post sentence motion [deadline], he did not have knowledge of the time limitations surrounding the filing of a post-sentence motion to withdraw his pleas"). He argues that in situations where the record does not reflect that the defendant was ever informed of his right to file a motion to withdraw his plea, this Court must vacate the judgment of sentence and permit the defendant to file the

motion in the trial court *nunc pro tunc*. **Id.** at 8 (citing **Commonwealth v. Heeman**, 433 A.2d 477 (Pa. 1981)).[3]

"Our standard of review is well settled." **Commonwealth v. Anderson**, 234 A.3d 735, 737 (Pa.Super. 2020). "When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and free of legal error." **Id.** (quoting **Commonwealth v. Smith**, 181 A.3d 1168, 1174 (Pa.Super. 2018)).

The time restrictions of the PCRA are jurisdictional, and we lack jurisdiction to address the substantive claims of an untimely petition. **Id.** To be timely, the petition must be filed within one year of the date the petitioner's judgment of sentence became final, *i.e.*, within one year after the conclusion of direct appeal or the expiration of time to seek direct review. **Id.** at 737-38 (citing 42 Pa.C.S.A. § 9545(b)(1), (b)(3)). A petitioner filing a petition after that date must plead and prove one of three enumerated exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

---

[3] In **Heeman**, the Supreme Court held this Court had erred in finding the defendant had waived his challenge to his guilty plea by failing to file a motion to withdraw his plea in the trial court, because the defendant had never been apprised that a failure to file post-verdict motions would waive his issues for appeal. 433 A.2d at 478.

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). If an exception applies, the petitioner must file the petition within one year of the date the claim could have been presented. *Id.* at § 9545(b)(2).

Williams-Cooper's judgment of sentence became final on October 19, 2018, 30 days after the court denied Williams-Cooper's post-sentence motion, as this was the last date Williams-Cooper could have filed a direct appeal. *See* Pa.R.A.P. 903(a); 42 Pa.C.S.A. § 9545(b)(3). Williams-Cooper therefore had until October 19, 2019, to file a PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). He filed the instant petition in June 2022, well after the deadline. Therefore, to invoke this Court's jurisdiction, he had to plead the application of a timeliness exception. However, his brief makes no mention of the timeliness of his petition.

In his petition, Williams-Cooper asserted that he was previously unaware that he had the right to file a motion to withdraw his guilty plea, and that he learned this information through performing research at the prison library. However, Williams-Cooper fails to identify when exactly he discovered this information and assert that he filed his petition within the following year. He presents no reason why he could not have made this claim earlier through the exercise of due diligence. Furthermore, "discovering" the state of the law does not generally render a PCRA petition timely. *Commonwealth v. Kennedy*, 266 A.3d 1128, 1135 (Pa.Super. 2021). Williams-Cooper's instant

PCRA petition is therefore untimely, and the PCRA court did not err in dismissing it as such.[4]

Order affirmed.

Judge Olson joins the memorandum.

Judge Stabile concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/07/2023

_____

[4] Although we do not reach the merits of Williams-Cooper's petition, due to its untimeliness, we note that Williams-Cooper does not explain on what grounds he would have filed a motion to withdraw his guilty plea. We also note that the questions of whether Williams-Cooper entered his guilty plea knowingly, intelligently, and voluntarily and whether counsel was ineffective for failing to honor Williams-Cooper's request to withdraw his guilty plea were already decided when the court denied his first PCRA petition. *See Commonwealth v. Culsoir*, 209 A.3d 433, 437 (Pa.Super. 2019) (stating a defendant seeking to withdraw a guilty plea after sentencing must demonstrate that the plea was entered involuntarily, unknowingly, or unintelligently); *Commonwealth v. Metzger*, 441 A.2d 1225, 1228 (Pa.Super. 1981) ("Counsel will not be deemed ineffective if the action which he failed to take would have been frivolous or futile").